EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gladys Bobé; Edgardo O. Díaz; Nelson Ramos Irizarry; Lymarie Rivera; Saribel Matienzo; Carlos Plá y María Fernández<br><br>    Recurridos<br><br><br>                      v.<br><br><br>UBS Financial Services Incorporated of Puerto Rico, Inc.<br><br>      Peticionarios | Certiorari<br><br>2017 TSPR 67<br><br>197 DPR ____ |

Número del Caso: CC-2016-179


Fecha: 2 de mayo de 2017

Tribunal de Apelaciones:      Región Judicial de San Juan

Abogados de la Parte Peticionaria:

        Lcda. Carla García Benítez
        Lcdo. Carlos Valldejuly Sastre
        Lcdo. Salvador Antonetti Sutts
        Lcdo. Alejandro García Caraballo

Abogados de la Parte Recurrida:

        Lcdo. Harold Vicente González
        Lcdo. José Andreu Fuentes
        Lcdo. Harold Vicente Colón
        Lcdo. Francisco Pujol Meneses
        Lcda. Verónica Irizarry Báez


Materia: Derecho de contratos: Análisis del fraude o engaño que invalida una cláusula contractual de selección de foro pactada por las partes. Procedimiento Civil: Hechos en controversia al momento de evaluar una moción de sentencia sumaria para exigir el cumplimiento específico de una cláusula contractual de selección de foro.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Gladys Bobé; Edgardo O. Díaz; Nelson Ramos Irizarry; Lymarie Rivera; Saribel Matienzo; Carlos Plá y María Fernández<br><br>    Recurridos<br><br>        v.<br><br>UBS Financial Services Incorporated of Puerto Rico, Inc.<br><br>    Peticionarios | CC-2016-179 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 2 de mayo de 2017.

En Unisys v. Ramallo Brothers, 128 DPR 842 (1991), atendimos una controversia muy similar a la que nos ocupa en este caso. En aquella ocasión, una entidad corporativa, Unisys Puerto Rico, Inc., presentó una reclamación sobre cobro de dinero por la venta de un equipo de computadoras en contra de otra corporación, Ramallo Brothers Printing, Inc. (Ramallo). A su vez, Ramallo presentó una demanda contra tercero en contra de Management Information Corporation (Management), en la cual solicitó la resolución de su contrato de suministro de un sistema de programación con la referida compañía. Ante ello, Management exigió el cumplimiento específico de la cláusula de selección de foro que pactó con Ramallo

para que la controversia entre éstos se dilucidara en los tribunales de Michigan. No obstante, Ramallo se opuso a dicha solicitud por entender que Management era una parte indispensable en el pleito original y que, por lo tanto, su exclusión del mismo derrotaría la política pública del Estado de que comparezcan en el pleito todas aquellas partes indispensables para que puedan adjudicarse las controversias.

A esos fines, en <u>Unisys v. Ramallo Brothers</u>, supra, reconocimos que las cláusulas contractuales de selección de foro son *prima facie* válidas y que quien se oponga a su aplicación tendrá el peso de la prueba. No obstante, adoptamos cuatro circunstancias en las cuales no se aplicarán las cláusulas de selección de foro; éstas son: (1) que el foro seleccionado resulta ser irrazonable e injusto; (2) que de ventilarse el caso en dicho foro se incurriría en una clara y patente inequidad, o sería irrazonable o injusto; **(3) que la cláusula no es válida porque fue negociada mediando fraude o engaño**; y (4) que la implantación de dicha cláusula derrotaría la política pública del Estado.[1] Luego de evaluar la controversia enmarcada en los criterios antes señalados, resolvimos que -bajo las circunstancias particulares de ese caso- no procedía la implantación de la cláusula de selección de

---

[1] <u>Unisys v. Ramallo Brothers</u>, 128 DPR 842, 857 (1991).

foro, pues ello resultaría en una clara y patente inequidad para todas las partes del caso.[2]

Como indicamos, las circunstancias en el presente caso son muy parecidas a las de Unisys v. Ramallo Brothers, supra, excepto que en esta ocasión nos corresponde aclarar el alcance de la tercera excepción al cumplimiento de una cláusula de selección de foro. Es decir, nos corresponde puntualizar cuál es el fraude o engaño capaz de invalidar una cláusula contractual de selección de foro. Resolvemos que es el fraude o engaño en la inclusión de la cláusula de selección de foro, y no aquel relacionado a la firma del contrato, el que hace ineficaz la referida cláusula.

Además, debemos determinar si al evaluar una petición de sentencia sumaria para exigir el cumplimiento específico de una cláusula contractual de selección de foro, los hechos en controversia a ser considerados deben circunscribirse a los fundamentos por los cuales se solicita la sentencia sumaria. Resolvemos dicha controversia en la afirmativa. Los hechos son los siguientes.

I

El 10 de abril de 2015, mediante la presentación de una *Demanda enmendada*, la Sra. Gladys Bobé, el Sr. Nelson Ramos Irizarry, la Sra. Lymarie Rivera, la Sra. Saribel Matienzo, el Sr. Carlos Plá y la Sra. María Fernández,

---

[2] Íd., pág. 863.

entre otros (los recurridos), presentaron una solicitud de sentencia declaratoria e *injunction* en contra de UBS Financial Services Incorporated of Puerto Rico (UBS-PR o la peticionaria). En esencia, los recurridos solicitaron que se declararan nulos ciertos contratos de líneas de crédito que éstos suscribieron con la compañía UBS Bank USA (UBS-USA), entidad predecesora en interés de UBS-PR.[3] A esos efectos, alegaron que los referidos préstamos se aprobaron mediante **fraude y engaño, pues ellos ignoraban que UBS-PR y sus corredores habían incurrido en violaciones de ley al tratar de manipular el valor en el mercado de esas inversiones y al ofrecerles tomar dinero prestado de UBS-USA, una entidad cuya existencia supuestamente desconocían.** Además, arguyeron que los mismos eran ilegales, ya que UBS-USA, la compañía que originó los préstamos, no estaba autorizada bajo las leyes de Puerto Rico para hacer negocios en nuestra jurisdicción.

El 22 de abril de 2015 UBS-PR presentó una moción de desestimación por falta de jurisdicción ante el Tribunal de Primera Instancia. En síntesis, alegó que ese foro no tenía jurisdicción para atender el asunto, pues

---

[3] El 20 de diciembre de 2013, UBS Bank USA (UBS-USA) y UBS Financial Services Incorporated of Puerto Rico (UBS-PR) otorgaron un contrato de venta de préstamos en el cual se cedieron a UBS-PR todos los intereses de UBS-USA sobre los préstamos pendientes otorgados a residentes de Puerto Rico, incluyendo los de los recurridos. La cesión se dio luego de una investigación de la Oficina del Comisionado de Instituciones Financieras de Puerto Rico (OCIF) que culminó en un acuerdo regulatorio que obligó a UBS-USA a ceder los préstamos a UBS-PR.

los contratos incluían una cláusula de selección de foro que establecía que cualquier disputa o reclamación que surgiera en torno a los préstamos otorgados debía presentarse en los tribunales de Utah. Específicamente, la referida cláusula, firmada por los recurridos y UBS-USA, dispone lo siguiente:

> Choice of Forum; Waiver of Jury Trial –
>
> a) Any suit, action or proceeding arising out or related to this agreement or the transactions contemplated by this agreement or any judgment entered by any court regarding this agreement or the transactions contemplated by this agreement **will be brought and maintained exclusively in the Third Judicial District Court for the State of Utah or in the United States District Court for the State of Utah. Each of the loan parties irrevocably submits to the jurisdiction of the courts of the Third Judicial District Court for the State of Utah and of the United States District Court for the State of Utah for the purpose of any such action or proceeding as set forth above and irrevocably agrees to be bound by any judgment rendered thereby in connection with such action or proceeding.** Each of the loan parties irrevocably waives, to the fullest extent permitted by law, any objection which it may have now or in the future to the laying of venue of any such action or proceeding brought in any such court referred to above and any claim that any such action or proceeding has been brought in an inconvenient forum. (Énfasis suplido).[4]

Por su parte, los recurridos presentaron su oposición a la referida moción de desestimación, en la cual alegaron que la cláusula de selección de foro era

---

[4] *UBS Credit Line Agreement*, suscrito entre UBS-USA y Edgardo O. Díaz Fernández y Gladys Bobé. Apéndice de la Petición de *certiorari*, págs. 95-96.

inaplicable. Ello pues, la entidad con la que habían pactado dicha cláusula (UBS-USA) ya no era parte en el pleito y, por ende, UBS-PR no podía invocar su cumplimiento.

Así las cosas, el Tribunal de Primera Instancia emitió una Orden, en la cual determinó que la cláusula de selección de foro invocada por UBS-PR no le aplicaba a esa entidad. A su vez, ordenó que se continuara con el descubrimiento de prueba según había sido calendarizado.

Consecuentemente, UBS-PR presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, KLCE201500624, junto a una moción en auxilio de jurisdicción para paralizar el trámite ante el Tribunal de Primera Instancia. El foro apelativo intermedio expidió el auto y confirmó la determinación del tribunal de instancia. No obstante, en su Sentencia señaló que la controversia en este caso se trataba del cumplimiento estricto de una cláusula contractual. A su vez, indicó que **el foro de instancia aún tenía que resolver el asunto sobre la validez de la cláusula para determinar el foro judicial en el que se atendería y adjudicaría el pleito en sus méritos.**

Inconforme, UBS-PR acudió ante este Tribunal y señaló que el Tribunal de Apelaciones incidió al confirmar la determinación del foro de instancia. En ese entonces, esta Curia denegó tanto la solicitud de auxilio de jurisdicción como la Petición de *certiorari*.

Posteriormente, UBS-PR presentó una moción de sentencia sumaria ante el Tribunal de Primera Instancia. En el referido escrito la peticionaria, como sucesora de todos los intereses de UBS-USA sobre las líneas de crédito otorgadas a los recurridos, solicitó que se ordenara el cumplimiento específico de la cláusula de selección de foro y, por ende, se desestimara el pleito ante el tribunal de instancia. Es decir, explicó que el pleito en sus méritos debía presentarse por los recurridos en el foro seleccionado por las partes: los tribunales de Utah.

Por su parte, los recurridos presentaron su oposición a la moción de sentencia sumaria, en la cual arguyeron principalmente que no procedía la desestimación del pleito, ya que el tribunal de instancia había resuelto que la cláusula de selección de foro no le aplicaba a UBS-PR y que dicha determinación había advenido final, firme e inapelable. Además, sostuvieron que existía una controversia genuina de hechos en cuanto a si UBS-USA accedió a prestarles dinero a los recurridos y si éstos aceptaron repagar el mismo. A esos efectos, los recurridos señalaron que de varias deposiciones de algunos de los recurridos surgía que éstos desconocían que UBS-USA y UBS-PR eran entidades separadas y que estaban haciendo negocios con UBS-USA.

Luego de examinar los argumentos de las partes, el foro de instancia denegó la referida solicitud por

entender que existían hechos materiales en controversia. A su vez, en cuanto al asunto de la cláusula de selección de foro, dispuso que el mismo ya había sido resuelto por ese tribunal y confirmado por los foros superiores.

Así pues, UBS-PR acudió nuevamente ante el Tribunal de Apelaciones mediante una Petición de *certiorari*, KLCE201600324, en la cual arguyó que el foro de instancia incidió al no desestimar sumariamente la demanda y al no ordenar el cumplimiento de la cláusula de selección de foro allí invocada.

Así las cosas, el foro apelativo intermedio coincidió con la determinación del tribunal de instancia en cuanto a la existencia de hechos materiales en controversia. **No obstante, cabe destacar que los hechos a los que ambos foros aluden están relacionados a los méritos del caso y no al asunto sobre la validez de la cláusula de selección de foro.** En cuanto a la mencionada cláusula, el Tribunal de Apelaciones dispuso que aún "permanece al cometido del Tribunal de Primera Instancia resolver oportunamente la vigencia de la misma por las vías argumentativas y/o probatorias que conforme a su discreción determine, a fin de establecer el foro judicial en el que se adjudicará el pleito en sus méritos".[5]

---

[5] Sentencia de Tribunal de Apelaciones de 4 de marzo de 2016, Apéndice de la Petición de *certiorari*, págs. 661-667.

Insatisfecho aún, el 7 de marzo de 2016 UBS-PR compareció ante nosotros mediante una Petición de *certiorari* y *Moción urgente de orden de paralización inmediata en auxilio de jurisdicción*. En sus escritos nos solicitó la paralización de los procedimientos ante el Tribunal de Primera Instancia y, a su vez, pidió que revoquemos la Sentencia del Tribunal de Apelaciones. Específicamente, UBS-PR señaló la comisión de dos errores:

> Erró el tribunal apelativo al no exigir se ordenara el cumplimiento específico de la cláusula de selección de foro invocada por UBS PR, basándose en controversias fácticas inmateriales a tal cumplimiento.

> Erró el tribunal apelativo al no sopesar la evidencia presentada para concluir que, ante la ausencia de prueba alguna que ponga en duda la efectividad de la cláusula de selección de foro, aun así hacía falta una vista evidenciaria.

Por su parte, los recurridos presentaron oportunamente su oposición a la referida solicitud. En la misma, reiteraron sus argumentos anteriores sobre que UBS-PR pretendía volver a litigar asuntos que ya fueron atendidos y adjudicados por los tribunales.

Así las cosas, el 8 de marzo de 2016 emitimos una Resolución, en la cual ordenamos la paralización de los procedimientos ante el Tribunal de Primera Instancia y expedimos el recurso de *certiorari*.[6]

---

[6] Archivada en autos la copia de la notificación de la Resolución el 9 de marzo de 2016.

Luego de examinar las circunstancias particulares del caso ante nuestra consideración, la totalidad del expediente y el estado de Derecho aplicable, procedemos a resolver mediante los fundamentos que expondremos a continuación.

II

A. Las cláusulas contractuales de selección de foro

En nuestro ordenamiento jurídico rige el principio de libre contratación. Por ello, cuando las partes contratantes efectúan un negocio jurídico pueden incluir las cláusulas y condiciones que estimen necesarias, siempre que éstas no sean contrarias a la ley, la moral y el orden público.[7] Consecuentemente, las obligaciones contraídas según lo antes dispuesto, tendrán fuerza de ley entre los contratantes y deberán ser cumplidas por éstos.[8] Así pues, si existen las condiciones necesarias para su validez, los tribunales no pueden relevar a una parte de cumplir con lo que se obligó.[9]

Como parte de la voluntad e intención de los contratantes, éstos pueden incluir en sus contratos una cláusula de selección de foro. El propósito de incluir dicha disposición es establecer cuál será el foro donde

---

[7] Art. 1207 del Código Civil de Puerto Rico, 31 LPRA sec. 3372. Véanse, además: Asoc. Res. Los Versalles v. Los Versailles, 194 DPR 258, 266 (2015); BPPR v. Sucn. Talavera, 174 DPR 686, 693 (2008); Cond. Prof. S.J.H. Centre v. P.R.F., Inc., 133 DPR 488, 503 (1993).

[8] Art. 1044 del Código Civil de Puerto Rico, 31 LPRA sec. 2994; Asoc. Res. Los Versalles v. Los Versailles, supra.

[9] Asoc. Res. Los Versalles v. Los Versailles, supra, pág. 267; De Jesús González v. A.C., 148 DPR 255, 271 (1999).

se atenderán las posibles disputas que puedan surgir de la relación contractual entre las partes.

Como anticipamos, en Unisys v. Ramallo Brothers, supra, reconocimos que las cláusulas contractuales de selección de foro son *prima facie* válidas y que quien se oponga a su aplicación tendrá el peso de la prueba. No obstante, existen una serie de criterios que se considerarán para determinar si las referidas cláusulas son inaplicables en ciertos casos. A esos efectos, hemos expresado que las cláusulas de selección de foro no aplicarán en las siguientes circunstancias:

1. El foro seleccionado resulta ser irrazonable e injusto.

2. De ventilarse el caso en dicho foro, se incurriría en una clara y patente inequidad, o sería irrazonable o injusto.

**3. La cláusula no es válida porque fue negociada mediando fraude o engaño.**

4. La implantación de dicha cláusula derrotaría la política pública del Estado. (Énfasis suplido).[10]

Es importante señalar que la parte que se opone a la aplicación de la cláusula de selección de foro tiene que demostrar que a ésta le aplica una de las mencionadas excepciones.[11] Ello pues, "[l]a validez y el cumplimiento de los contratos no puede dejarse al arbitrio de uno de los contratantes".[12]

---

[10] Unisys v. Ramallo Brothers, supra, pág. 857.

[11] Abengoa S.A. v. American Intl. Ins., 176 DPR 512, 521 (2009).

[12] Íd.; Art. 1208 del Código Civil, 31 LPRA sec. 3373.

En cuanto a la excepción de foro no conveniente, hemos expresado que si la cláusula de selección de foro fue producto de la negociación entre los contratantes, quienes tuvieron que considerar las ventajas y desventajas del foro seleccionado, no es suficiente alegar que ese foro es inconveniente para que un tribunal decrete su inaplicabilidad.[13] Por ello, en Abengoa S.A. v. American Intl. Ins., 176 DPR 512, 522 (2009), resolvimos que "la parte que alegue que el foro seleccionado en el contrato es inconveniente, deberá demostrar que tal inconveniencia es tan grave que, para todos los propósitos prácticos, sería privado de su día en corte". Ello pues, "no se puede concluir, sin más, que cumplir con la cláusula de selección de foro estipulada en el contrato es injusto e irrazonable".[14]

Por otro lado, este Tribunal aún no ha tenido la oportunidad de pronunciarse sobre la tercera excepción a la aplicabilidad de una cláusula de selección de foro: cuando la referida cláusula no es válida por haber sido negociada mediando fraude o engaño. Específicamente, nos compete aclarar en qué consiste el fraude o el engaño que invalida una cláusula contractual de selección de foro. Para ello, examinaremos jurisprudencia federal norteamericana donde este tema ha sido discutido ampliamente.

---

[13] Abengoa S.A. v. American Intl. Ins., supra.

[14] Íd., pág. 522.

En el caso de <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 US 395 (1967), el Tribunal Supremo federal interpretó la Sección 4 del United States Arbitration Act, 9 USCA sec. 4, la cual provee un remedio a la parte que exige el cumplimiento específico de un acuerdo de arbitraje. A esos efectos, la referida sección establece lo siguiente:

> The court shall hear the parties, and upon being satisfied that the **making of the agreement for arbitration or the failure to comply therewith is not in issue**, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. (Énfasis suplido).[15]

Así, el máximo foro federal resolvió que cuando existe una reclamación sobre un alegado fraude en la inclusión de la cláusula de arbitraje en un contrato, los tribunales federales solo atenderán las controversias relacionadas a la formulación del acuerdo de arbitraje.[16] Ello pues, el mencionado estatuto no permite al tribunal federal considerar reclamaciones de fraude al suscribir el contrato en general.[17]

Así las cosas, en <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 US 1 (1972), el Tribunal Supremo federal indicó que una cláusula de selección de foro que forma parte de un contrato en el que no ha mediado fraude debe tener pleno efecto. Además, en <u>Scherk v. Alberto-Culver Co.</u>,

---

[15] 9 USCA sec. 4.

[16] <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 US 395, 403-404 (1967).

[17] Íd., pág. 404.

417 US 506 (1974), dicha Curia aclaró que el fraude que invalida una cláusula de selección de foro, al igual que una cláusula de arbitraje, es aquel relacionado con la cláusula misma. En lo pertinente, el máximo foro federal expresó lo siguiente:

> In The Bremen we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement (is) unaffected by fraud . . ..'
>      .    .    .    .    .    .    .    .
> This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. **Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.** (Énfasis suplido).[18]

De lo anterior se desprende que la alegación de fraude que invalida una cláusula de selección de foro no se trata de aquel fraude o engaño relacionado al contrato en general, sino del engaño o fraude en la inclusión de la cláusula de selección de foro. **Así, la parte que pretende dejar sin efecto la cláusula de selección de foro tiene que atacar la validez de la misma de <u>forma específica</u> demostrando que ésta fue incluida en el contrato como resultado de fraude o engaño.** Por lo tanto, a una parte no se le debe permitir escapar de una cláusula de selección de foro por el solo hecho de reclamar la invalidez del contrato en general, ya que el

---

[18] <u>Scherk v. Alberto-Culver Co.</u>, 417 US 506, 519 esc. 14 (1974).

mismo se presume válido y, por ende, la cláusula de selección de foro se mantiene vigente.[19]

Siguiendo la mencionada doctrina, en Carnival Cruise Lines, Inc. v. Shute, 499 US 585 (1991), el Tribunal Supremo federal resolvió que una cláusula de selección de foro en el boleto de un pasajero debe ser respetada cuando no hay evidencia de fraude o abuso para obtener la aceptación de la cláusula y cuando el contrato no se vio afectado por la mala fe en la selección del foro.[20]

Cabe destacar que la mayoría de los tribunales –tanto los federales como los estatales– coinciden en que las cláusulas de selección de foro son apropiadas y obligatorias.[21] Además, una gran cantidad de jurisdicciones concuerdan en que solo en contadas ocasiones una cláusula de selección de foro será invalidada bajo el fundamento de haber sido incluida en un contrato como resultado de fraude.[22]

---

[19] Lambert v. Kysar, 983 F.2d 1110, 1121 (1st Cir. 1993). Véase, además, M. Gruson, Forum-Selection Clauses in International and Interstate Commercial Agreements, 1982 U.Ill.L.Rev. 133, 165 (1982).

[20] Véase, también, R.A. Gantner, Contracts -Forum Selection- Absent Bad Faith, Fraud or Overreaching, a Reasonable Forum Selection Clause in a Commercial Cruise Form Contract is Enforceable -Carnival Cruise Lines, Inc. v. Shute, 111 S. Ct. 1522 (1991), 22 Seton Hall L. Rev. 505, 510 (1992).

[21] Véanse: Lambert v. Kysar, supra, pág. 1119 esc. 12; F. M. Dougherty, Validity of contractual provision limiting place or court in which action may be brought, 31 A.L.R.4th 404 (1984).

[22] Véanse: M.D. Moberly y C.F. Burr, Enforcing Forum Selection Clauses in State Court, 39 Sw. L. Rev. 265, 285 (2009) ("As a result, in Colorado, as in most other jurisdictions, a forum selection clause will rarely be invalidated on the ground that it was induced by fraud."); Hoffman v. Minuteman Press Int'l, Inc.,

B. El mecanismo de la sentencia sumaria

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, contiene el mecanismo procesal que provee nuestro ordenamiento para que el tribunal pueda dictar una sentencia de forma sumaria.[23] Ello con el propósito de facilitar la solución justa, rápida y económica de los pleitos en los cuales no existan controversias genuinas de hechos materiales y, por ende, no ameritan la resolución de un juicio plenario.[24]

A esos efectos, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, permite que cualquier parte en el litigio pueda solicitar al tribunal que dicte una sentencia sumaria a su favor sobre la totalidad del pleito o cualquier parte de la reclamación. A esos fines, la referida regla dispone que el solicitante deberá presentar una moción basada en declaraciones juradas u otra evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[25] Por ello, le corresponde a la parte que promueve la moción de sentencia sumaria establecer su derecho con claridad y demostrar que no existe

_____

747 F. Supp. 552, 557 esc. 3 (W.D. Mo. 1990) ("[I]t is difficult to envision a situation where there could be fraud in the inducement of a forum clause itself.").

[23] Torres Pagán v. Mun. de Ponce, 191 DPR 583, 597 (2014).

[24] Íd. Véanse, también: Reyes Sánchez v. Eaton Electrical, 189 DPR 586, 594-595 (2013); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Nieves Díaz v. González Massas, 178 DPR 820, 847 (2010).

[25] Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V.

controversia sustancial o real en cuanto a algún hecho material.[26]

En cuanto a lo que constituye un hecho material, hemos establecido que es todo aquel que puede afectar el resultado de la reclamación de acuerdo al Derecho sustantivo aplicable.[27] Además, la controversia sobre el hecho material tiene que ser real, por lo que cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria.[28] Es decir, la duda debe ser de tal naturaleza que se pueda colegir la existencia de una controversia real y sustancial sobre hechos esenciales y pertinentes.[29] Cabe destacar, que la regla se refiere a hechos "esenciales" y "pertinentes" a la controversia planteada en la solicitud de sentencia sumaria.

Por otro lado, la parte que se opone a que el tribunal resuelva el caso por la vía sumaria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar

---

[26] Meléndez González v. M. Cuebas, 193 DPR 100, 110 (2015); Mun. de Añasco v. ASES et al., 188 DPR 307, 326 (2013); Nieves Díaz v. González Massas, supra, pág. 848; González Aristud v. Hosp. Pavía, 168 DPR 127, 137 (2006).

[27] Meléndez González v. M. Cuebas, supra, pág. 110; Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010), citando a J. A. Cuevas Segarra, Tratado de derecho procesal civil, San Juan, Pubs. JTS, 2000, T.I., pág. 609; Mun. de Añasco v. ASES et al., supra, págs. 326-327.

[28] Meléndez González v. M. Cuebas, supra, pág. 110; Ramos Pérez v. Univisión, supra, págs. 213-214.

[29] Meléndez González v. M. Cuebas, supra, pág. 110; Ramos Pérez v. Univisión, supra, pág. 214.

en forma detallada y específica, como lo hiciera la parte solicitante.[30]

Una vez presentadas la solicitud de sentencia sumaria y su oposición, el tribunal analizará tanto los documentos incluidos en ambas mociones como los que obren en el expediente del tribunal; y determinará si la parte opositora controvirtió algún hecho material y esencial o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos.[31] Así, el tribunal solo dictará una sentencia de forma sumaria cuando surja claramente de los hechos materiales no controvertidos que el promovido no puede prevalecer ante el Derecho aplicable y, además, cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia.[32]

## III

Por estar estrechamente vinculados entre sí, discutiremos en conjunto los dos errores señalados.

En síntesis, UBS-PR argumenta que el Tribunal de Apelaciones incidió al no ordenar el cumplimiento específico de la cláusula de selección de foro basándose en controversias fácticas inmateriales a tal asunto y al

---

[30] Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V.

[31] Torres Pagán v. Mun. de Ponce, supra, pág. 598; S.L.G. Szendrey-Ramos v. Consejo de Titulares, 184 DPR 133, 167 (2011); Mgmt. Adm. Servs. Corp. v. E.L.A., 152 DPR 599, 611 (2000).

[32] Meléndez González v. M. Cuebas, supra, págs. 109-110; Const. José Carro v. Mun. Dorado, 186 DPR 113, 129 (2012); Nieves Díaz v. González Massas, supra, pág. 848.

determinar que era necesaria la celebración de una vista evidenciaria. Tiene razón.

Como mencionamos, cuando las partes incluyen una cláusula de selección de foro en un contrato, la misma debe ser respetada, pues ésta obedece a la voluntad de los contratantes. Por ello, esta cláusula se presume válida y le corresponde a la parte que se opone a su cumplimiento probar la invalidez de la misma.

En este caso, UBS-PR, como sucesora de todos los intereses de UBS-USA relacionados a las líneas de crédito otorgadas a los recurridos, solicitó al Tribunal de Primera Instancia que dictara sentencia sumaria ordenando el cumplimiento específico de la cláusula de selección de foro contenida en el contrato suscrito. Es decir, la moción fue presentada con el único propósito de demostrar que las partes habían firmado una cláusula de selección de foro que conllevaba que el caso fuese atendido en Utah.

Por su parte, los recurridos alegaron fraude en los contratos suscritos con UBS-USA en su oposición a la moción de sentencia sumaria. Particularmente, éstos sostuvieron que las líneas de crédito fueron ilegalmente concedidas, ya que UBS-USA nunca estuvo autorizada en ley para otorgar préstamos en Puerto Rico. Además, adujeron que de las deposiciones que les tomaron a varios de ellos se desprende que existe controversia sustancial en cuanto a si éstos aceptaron repagar a UBS-USA el dinero prestado

mediante las referidas líneas de crédito. Ello pues, los recurridos supuestamente desconocían las siguientes circunstancias: la existencia de UBS-USA, el hecho de que UBS-USA era una entidad separada de UBS-PR y que estaban haciendo negocios con UBS-USA en lugar de UBS-PR. Por ello, arguyeron que los préstamos otorgados a ellos son nulos *ab initio* y, consecuentemente, también es nula la cláusula de selección de foro.

**De una lectura de las alegaciones de los recurridos contra la aplicabilidad de la cláusula de selección de foro se puede colegir que las mismas están dirigidas a rebatir la validez del contrato en general,** supuestamente, por haber mediado engaño sobre quién era la parte contratante al momento de suscribir el acuerdo y por los otros fundamentos expuestos. Incluso, de la oposición a la moción de desestimación que se presentó anteriormente, surge con claridad su conclusión de que "[l]os préstamos que sin autorización reglamentaria otorgó [UBS-USA] en Puerto Rico, son *nulos ab initio* y por consiguiente, también es nula la *Cláusula de Selección de Foro*".[33] **En fin, en su oposición, los recurridos no incluyeron alguna alegación específicamente dirigida a rebatir la presunción de validez de la cláusula de selección de foro.**

---

[33] Véase *Oposición a "Moción de desestimación por falta de jurisdicción"*, Apéndice de la Petición de *certiorari*, pág. 252.

De acuerdo a la doctrina antes discutida, consideramos que la validez y aplicabilidad de una cláusula de selección de foro es un asunto de umbral que se debe atender antes de examinar la validez de un contrato en general. Ello pues, su propósito precisamente es que las partes diluciden las posibles controversias surgidas entre ellas en el foro escogido por éstas. La eficacia de la cláusula está protegida, pues el contrato se presume válido y, por ende, la cláusula también goza de dicha presunción hasta que se demuestre lo contrario.

Ahora bien, dado a que un foro debe determinar primeramente la validez de la cláusula de selección de foro, quien se opone a su aplicación tiene el deber de probar la invalidez de la misma. Es decir, tiene que atacar la cláusula en sí, no siendo suficientes las alegaciones contra el contrato en general. **Como expusimos, cuando se intenta impugnar una cláusula de selección de foro por haber mediado fraude o engaño (como ocurrió en este caso) no bastará con alegar que el contrato en general se suscribió bajo esos medios, sino que habrá que demostrar que la cláusula de selección de foro se introdujo al contrato mediante fraude o engaño.** De lo contrario, la cláusula mantiene su vigencia y las controversias que surjan del contrato, incluyendo las alegaciones de fraude en la contratación, se deberán adjudicar en el foro acordado.

Una vez aclarado el asunto de los requisitos para impugnar la validez de la cláusula por alegado fraude o engaño, pasemos a evaluar si procedía dictar sentencia de forma sumaria.

Como indicamos, en nuestro ordenamiento jurídico, una parte que presente una moción de sentencia sumaria deberá presentar un escrito fundado en aquella evidencia que demuestre la inexistencia de hechos materiales en controversia que sean pertinentes al mencionado propósito, según las disposiciones de la Regla 36 de Procedimiento Civil, *supra*. De igual modo, quien se opone a que se dicte sentencia sumaria deberá incluir en su moción aquella evidencia que esté dirigida específicamente a demostrar la existencia de controversias sobre hechos esenciales.

Por lo tanto, cuando se presente una moción de sentencia sumaria con el único fin de exigir el cumplimiento específico de una cláusula contractual de selección de foro, el tribunal solo examinará si existe alguna controversia relacionada a la invalidez de la cláusula de selección de foro. Consecuentemente, no considerará algún otro hecho concerniente al caso en sus méritos o que esté orientado a impugnar el contrato en general. Ello pues, al momento de evaluar la validez de una cláusula de selección de foro, el cual constituye un asunto de umbral, lo que se analiza es la validez de la

cláusula en sí, independientemente de las reclamaciones que se puedan tener sobre el resto del contrato.

De un examen del expediente podemos colegir que el Tribunal de Primera Instancia, al evaluar la moción de sentencia sumaria, lo hizo enmarcado en los méritos del caso y no en la controversia planteada en la moción sobre la validez y exigibilidad de la cláusula de selección de foro.

Posteriormente, el Tribunal de Apelaciones, al igual que el foro de instancia, evaluó los méritos del caso sobre la validez del contrato en general, coincidiendo con el tribunal de instancia en cuanto a la existencia de controversia a esos efectos. Además, señaló que le correspondía al Tribunal de Primera Instancia hacer la determinación sobre la validez de la cláusula de selección de foro. Conforme a la normativa expuesta, al evaluar *de novo* la moción de sentencia sumaria, el Tribunal de Apelaciones solo debió considerar los hechos materiales relacionados a la validez de la cláusula de selección de foro y no aquellos hechos materiales concernientes a las alegaciones del pleito en su totalidad.

Así, ante la moción de sentencia sumaria, los foros recurridos tenían que limitarse a evaluar si la parte opositora demostró que existían hechos materiales en controversia relacionados a algunos de los criterios establecidos en Unisys v. Ramallo Brothers, supra, sobre

la validez de las cláusulas de selección de foro que ameritaran la celebración de una vista a esos fines. Por consiguiente, procede devolver el caso al tribunal de instancia para que evalúe la controversia ante sí conforme a lo aquí resuelto.

IV

Por los fundamentos antes expuestos, revocamos la determinación del Tribunal de Apelaciones y ordenamos la devolución del caso al Tribunal de Primera Instancia para que realice el análisis correspondiente conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Gladys Bobé; Edgardo O. Díaz; Nelson Ramos Irizarry; Lymarie Rivera; Saribel Matienzo; Carlos Plá y María Fernández<br><br>Recurridos<br><br>v.<br><br>UBS Financial Services Incorporated of Puerto Rico, Inc.<br><br>Peticionarios | CC-2016-179 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 2 de mayo de 2017.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones y ordenamos la devolución del caso al Tribunal de Primera Instancia para que realice el análisis correspondiente conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente por entender que este Tribunal debió revocar al Tribunal de Apelaciones, declarar con lugar la sentencia sumaria que presentó UBS Financial Services Incorporated of PR, Inc. (UBS) y, consecuentemente, desestimar la demanda. Como es sabido, la moción de sentencia sumaria persigue propiciar la solución *justa, rápida* y *económica* de aquellas controversias que no requieran la celebración de un juicio plenario. Meléndez González *et al*. v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013). Por consiguiente, quien se opone a una solicitud de sentencia sumaria debidamente fundamentada debe demostrar que existen controversias de hechos materiales que impiden la adjudicación sumaria del pleito. Oriental Bank v. Perapi *et al*., 192 DPR 7, 25-26 (2014); Ramos Pérez v.

<u>Univisión</u>, 178 DPR 200, 214-215 (2010). En este caso, UBS presentó una moción de sentencia sumaria solicitando el cumplimiento específico de una cláusula de selección de foro que contienen los contratos de préstamo que suscribió con la Sra. Gladys Bobé y otros (recurridos). Según se desprende de la Opinión mayoritaria, "en su oposición, los recurridos no incluyeron alguna alegación específicamente dirigida a rebatir la presunción de validez de la cláusula de selección de foro". Op. mayoritaria, pág. 20.

Así, ante dicho escenario, no procede concederle una segunda oportunidad a los recurridos para que se opongan a la solicitud de sentencia sumaria. El curso de acción de una mayoría de este Tribunal, además de ser contrario al derecho aplicable, le resta validez a la propia cláusula que este Tribunal pretende proteger, pues devuelve el caso al tribunal de instancia para la continuación de los procedimientos. Al fin y al cabo, no debemos perder de perspectiva que, en el desempeño de nuestras funciones judiciales, los tribunales tenemos la obligación de adjudicar las controversias de forma oportuna, de modo que se promueva la certeza de las relaciones jurídicas y comerciales y no se afecten innecesariamente los intereses de las partes.

La Juez Asociada señora Rodríguez Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Estrella Martínez no intervienen.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo