ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROLAND CORDERO PEÑA<br><br>Recurrido<br><br>v.<br><br>ROSA I. CRUZ BURGOS<br><br>Peticionaria | KLAN20250511 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2022RF00793<br><br>Sobre: Alimentos Excónyuge |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Cintrón Cintrón[1], y el Juez Monge Gómez.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

La apelante, señora Rosa L. Cruz Burgos solicita que revoquemos la Sentencia en la que el Tribunal de Primera Instancia desestimó, y archivo sin perjuicio la demanda de alimentos de excónyuges y revisemos su denegatoria a dictar sentencia sumaria. Por su parte, el exesposo apelado, señor Roland Cordero Peña no compareció a oponerse al recurso a pesar de habérsele concedido termino.

**I**

Los hechos pertinentes para solucionar este recurso son los siguientes. El apelado solicitó a la apelante el pago de una pensión excónyuge. El señor Cordero Peña adujo que tenía 80 años, que su único ingreso era el seguro social y que la cantidad recibida era insuficiente para satisfacer sus necesidades básicas.[2] La apelante pidió la desestimación de la demanda, fundamentándose en que las razones aducidas para solicitar los alimentos de excónyuges no

---

[1] Mediante Orden Administrativa OATA-2025-108 se designa a la Hon. Sol de Borinquen Cintrón Cintrón en sustitución del Hon. Fernando L. Rodríguez Flores.
[2] Véase apéndice, página 70.

Número Identificador

SEN2025

estaban relacionadas ni eran consecuencia del divorcio. El apelado se opuso a la desestimación. El TPI denegó la moción de desestimación, luego de tomar como ciertas y buenas todas las alegaciones de la demanda aseveradas de forma correcta y clara. Según el TPI el apelado alegó que, (1) estuvo casado con la apelante, (2) desde que se decretó el divorcio no contaba con medios suficientes para vivir, (3) tenía ochenta (80) años, (4) sufría vicisitudes y carencias porque no podía proveer para sus necesidades básicas y, (5) su único ingreso era el seguro social y la cantidad que recibía era insuficiente para sostenerse. Por último, advirtió que los alimentos entre excónyuges nacían con el divorcio y estaban basados en el deber jurídico de socorrerse mutuamente, cuando uno de los excónyuges no tenía medios suficientes para vivir.[3] Inconforme con tal dictamen, la apelante acudió al Tribunal de Apelaciones para que revisara la denegatoria a la moción de desestimación. El Tribunal de Apelaciones declaró NO HA LUGAR; el recurso de *Certionari*. Por lo que la apelante negó las alegaciones en su contra y presentó sus defensas afirmativas en la contestación a la demanda[4]. Posteriormente, la apelante volvió a solicitar la desestimación de la reclamación a través de una moción de sentencia sumaria. El apelado se opuso a la moción de sentencia sumaria.

Así las cosas, el 5 de diciembre de 2024, el apelado presentó MOCION INFORMATIVA SOBRE CONDICION DE SALUD DEL SR. ROLAND CORDERO PEÑA Y URGENTE SOLICITUD DE REMEDIO PROVISIONAL, debido a la cual el TPI celebró una vista en la que advirtió que habían transcurrido dieciocho (18) meses desde que se recibió el mandato del Tribunal de Apelaciones, y las partes continuaban con las mismas controversias. Durante esa vista el TPI

---

[3] Véase apéndice, página 154.

[4] Id, página 166.

dio por terminado el descubrimiento de prueba y concedió treinta días a la apelante para que presentara una moción de carácter dispositivo y el mismo término al apelado para oponerse. La apelante se opuso a la moción en la que apelado informó su condición de salud y solicitó un remedio provisional urgente.

El 13 de enero de 2025 la apelante presentó una moción de sentencia sumaria a la que el apelado se opuso. El TPI declaró No Ha Lugar la solicitud de sentencia sumaria, porque existían elementos de credibilidad que no podían adjudicarse sumariamente. Según el Tribunal de Primera Instancia existía controversia sobre los hechos siguientes:

> 1. Si el demandante, cuenta con medios suficientes para vivir que, de no ser así, si es merecedor de una pensión de alimentos excónyuge. Y, si es secuela de la ruptura conyugal.
> 2. Si el único, ingreso que recibe el demandante es el seguro social.
> 3. Si la demandante tiene capacidad económica para sufragar las necesidades económicas, si algunas, del demandante.

La apelante solicitó reconsideración y determinaciones de hechos adicionales. El TPI se negó a reconsiderar, porque no tenía claro si el apelado sufrió un estado de necesidad que no experimentó previamente y que intentó remediar la situación con empleos en los que no podía permanecer. No obstante, acogió parcialmente las enmiendas y determinaciones de hechos adicionales que propuso la apelante, pero se negó a incorporar otros porque ya estaban establecidos o eran inmateriales. El TPI reafirmó que no dispondría del caso sumariamente, porque existían hechos materiales en controversia y elementos subjetivos de intención y credibilidad que tenían que dilucidarse en un juicio.

La abogada del apelado presentó una moción de renuncia. El TPI le ordenó incluir la dirección del apelado en la solicitud de relevo de representación legal. La abogada cumplió la orden, porque incluyó la última dirección postal de apelado y su correo electrónico.

El TPI aceptó la renuncia y concedió diez (10) días al apelado para informar su nueva representación legal, porque existía una vista pautada. El apelado fue notificado al correo electrónico que tiene registrado en el récord. El 25 de abril de 2024 el TPI le ordenó mostrar causa por su incomparecencia a la vista que estaba pautada y no informar su nueva representación legal.  No obstante, le concedió diez días para informar, su interés en continuar con el caso y le advirtió que su incumplimiento podía conllevar sanciones económicas. El 12 de mayo de 2025, el TPI le impuso una sanción económica por su incumplimiento con lo ordenado y le concedió cinco (5) días perentorios para cumplir la orden del 25 de abril de 2025, so pena de entender desistida la demanda.  El 27 de mayo de 2025, el TPI dictó la sentencia apelada en la que desestimó la demanda conforme a la Regla 39.1(a) de Procedimiento Civil, debido a la incomparecencia del apelado y ordenó el cierre y archivo del caso, sin perjuicio. La sentencia se notificó el 29 de mayo de 2025.

El 11 de junio de 2025, la apelante presentó este recurso en el que alega que el foro primario cometió los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA DECRETAR EL CIERRE Y ARCHIVO DEL CASO BAJO LA REGLA 39.1, SIN PERJUICIO POR INCUMPLIMIENTO DEL APELADO CON LAS ÓRDENES DE MOSTRAR CAUSA CUANDO DEBIÓ DICTAR SENTENCIA SUMARIA CON PERJUICIO.

> SEGUNDO ERROR: ERRÓ Y ABUSO DE SU DISCRECIÓN EL TPI CUANDO NO DICTO SENTENCIA SUMARIA, A PESAR DE SU DETERMINACIÓN DE HECHO DE QUE EL APELADO SE SUPLE TODAS SUS NECESIDADES Y DE LA INEXISTENCIA DE UN ESTADO DE NECESIDAD QUE SEA COMO SECUELA DE LA RUPTURA CONYUGAL COMO EXIGE NUESTRO ESTADO DE DERECHO.

> TERCER ERROR: ERRÓ Y ABUSO DE SU DISCRECION EL TPI AL NO DICTAR SENTENCIA SUMARIA CONFORME A DERECHO A PESAR DE QUE EL APELADO NO CONTROVIRTIÓ LA PRUEBA PRESENTADA POR LA APELANTE QUE DEMOSTRÓ QUE NO TIENE EL ALEGADO ESTADO DE NECESIDAD QUE INVOCÓ Y QUE NO EXISTE UNA CONTROVERSIA REAL Y SUSTANCIAL QUE DEBA DESESTIMARSE EN UN JUICIO.

CUARTO ERROR: ERRÓ Y ABUSO DE SU DISCRECION EL TPI CUANDO EN LA RESOLUCIÓN INCORPORÓ COMO DETERMINACIONES DE HECHO QUE NO ESTAN EN CONTROVERSIA, NUEVAS ALEGACIONES TRAIDAS POR EL APELADO FINALIZANDO EL DESCUBRIMIENTO DE PRUEBA Y MEDIANTE UNA DECLARACIÓN JURADA EN OPOSICIÓN A LA SENTENCIA SUMARIA EN CONTRA DE LA DOCTRINA DE *SHAM AFFIDAVIT* EN SU MODALIDAD POR CONTRADICCIÓN.

QUINTO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL INCORPORAR EN LA RESOLUCIÓN COMO DETERMINACIONES DE HECHOS NO CONTROVERTIBLES, HECHOS RELACIONADOS A LA CONDICIÓN DE SALUD ACTUAL DEL APELADO QUE NO ESTABA PRESENTE EN EL AÑO 2022 CUANDO PRESENTÓ SU DEMANDA Y CUANDO DICHO ESTADO DE SALUD NO ES SECUELA DEL DIVORCIO Y NO PUEDE TOMARSE EN CONSIDERACIÓN PARA ESTABLECER SU DERECHO A RECIBIR PENSIÓN EXCONYUGE.

## II

### SENTENCIA SUMARIA

El mecanismo de sentencia sumaria provisto por la Regla 36 de Procedimiento Civil, permite la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, es decir, de aquellos hechos que puedan afectar el resultado de la reclamación bajo el derecho sustantivo aplicable. 32 LPRA Ap. V, R. 36; SLG *Fernández-Bernal v. RAD-MAN San Juan,* 2021 TSPR 149, 208 DPR ___ (2021); *Roldán Flores v. M. Cuebas* et al.*,* 199 DPR 664, 676 (2018); *Bobé* et al. *v. UBS Financial Services,* 198 DPR 6, 19-20 (2017). De manera que, cuando los documentos no controvertidos que acompañan la moción de sentencia sumaria demuestran que no hay una controversia de hechos esenciales y pertinentes, se prescinde de la celebración de un juicio y; por lo tanto, únicamente resta aplicar el Derecho. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808-809 (2020); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41-42 (2020); *Meléndez González* et al. *v. M. Cuebas,* 193 DPR 100, 109 (2015).

Para prevalecer por la vía sumaria, la parte promovente deberá presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Ramos Pérez v. Univisión*, 178 DPR 200, 217 (2010). Con ese fin, deberá desglosar los hechos que alega no están en controversia con referencia específica a la prueba admisible y sustancial que lo sustenta. *León Torres v. Rivera Lebrón*, supra; *Roldán Flores v. M. Cuebas* et al.*,* supra. Por el contrario, ante una solicitud de sentencia sumaria, el promovido no deberá tomar una actitud pasiva ni descansar solamente en sus alegaciones. Este debe controvertir la prueba presentada por el promovente, mediante contestación detallada y específica sobre aquellos hechos pertinentes acompañada de prueba admisible, y así demostrar que existe una controversia real y sustancial que debe dilucidarse en un juicio. *Abrams Rivera v. ELA*, 178 DPR 914, 933 (2010); *Piovanetti v. S.L.G. Touma, S.L.G. Tirado*, 178 DPR 745, 774 (2010). Si el promovido se cruza de brazos, se expone a que le dicten sentencia sumaria en su contra, sin la oportunidad de un juicio en su fondo. *León Torres v. Rivera Lebrón*, supra.

Ahora bien, si el promovido no contraviene la prueba presentada en la solicitud de sentencia sumaria, no necesariamente significará que procede automáticamente la concesión de la sentencia. SLG *Fernández-Bernal v. RAD-MAN San Juan*, supra; *Piovanetti v. S.L.G. Touma, S.L.G. Tirado*, supra. Esto es así porque la sentencia sumaria puede dictarse a favor o en contra del promovente, siempre que proceda en Derecho. *Rosado Reyes v. Global Healthcare*, supra; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 575 (1997). Es decir, se debe cumplir con el criterio rector de que los hechos incontrovertidos y la evidencia de autos demuestren que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. *Rosado Reyes v. Global Healthcare*, supra.

Respecto a la revisión de las sentencias sumarias que nos ocupan, este Tribunal de Apelaciones habrá de utilizar los mismos criterios que el tribunal sentenciador. De igual forma, como foro apelativo intermedio tenemos la obligación de examinar *de novo* la totalidad de los autos, a la luz más favorable al promovido. *Meléndez González et al. v. M. Cuebas*, supra.

Esto, pues solo procede dictar sentencia sumaria en casos claros y cualquier duda sobre los hechos materiales debe resolverse en contra de la parte promovente. *Rosado Reyes v. Global Healthcare*, supra, *Audiovisual Lang. v. Sist. Est.*

## PENSIONES EXCÓNYUGES

Las pensiones alimentarias excónyuges están revestidas del más alto interés público porque están basadas en el derecho fundamental de todo ser humano a existir y a desarrollar su personalidad a plenitud. *Correa Márquez v. Julia Rodríguez,* 198 DPR 315, 326 (2017); *Cortés Pagán v. González Colón,* 184 DPR 807, 814 (2012; *Morales v. Jaime,* 166 DPR 282, 291(2005). El derecho a recibir alimentos emana del derecho a la vida consagrado en el Art II, sección 7 de la Constitución de Puerto Rico, LPRA, Tomo 1.

La responsabilidad alimentaria en auxilio de un excónyuge está reconocida en el Artículo 466 del Código Civil de 2020, 31 LPRA sección 6813. Luego de decretado el divorcio, el tribunal podrá asignar alimentos, para beneficio de cualquiera de los excónyuges que no cuente con suficientes medios para vivir. Al otro cónyuge le corresponde pagar los alimentos con sus bienes o ingresos. Los alimentos de excónyuges son pagados por un plazo determinado o hasta que el alimentista pueda valerse por sí mismo o adquiera los medios adecuados y suficientes para su propio sustento.

La pensión alimentaria excónyuge está sujeta al cumplimiento del binomio constituido entre la necesidad económica de la

alimentista surgida a consecuencia del divorcio y la capacidad económica del alimentante. Su procedencia está atada a que la necesidad económica del beneficiario sea consecuencia y guarde relación con el divorcio. *Correa Márquez v. Julia Rodríguez,* supra, pág. 326.

El tribunal fijará la cuantía de la pensión alimentaria considerando las circunstancias contenidas en el artículo 466, *supra,* entre otros factores pertinentes y respecto a ambos excónyuges. Estas circunstancias son las siguientes: (1) los acuerdos que hayan adoptado sobre el particular, (2) la edad y estado de salud física y mental, (3) la preparación académica vocacional o profesional y las probabilidades de acceso a un empleo, (4) las responsabilidades que conservan sobre el cuido de otros miembros de la familia, (5) la colaboración con su trabajo en las actividades mercantiles industriales o profesionales del otro cónyuge, (6) la duración del matrimonio y la convivencia conyugal, (7) el caudal y medios económicos y las necesidades de cada cónyuge y, (8) cualquier otro factor que considere apropiado de acuerdo a las circunstancias del caso.

Por último, el tribunal podrá modificar o revocar la pensión excónyuge antes de su vencimiento, cuando una parte lo solicite porque surgieron cambios significativos o extraordinarios en la situación personal o económica de cualquiera de los excónyuges. 31 LPRA sec. 6814. A su vez, el derecho a la pensión alimentaria excónyuge se extingue: (1) porque la necesidad del alimentista terminó, (2) por la muerte del alimentante o del alimentista o, (3) el alimentista estableció una relación de convivencia con otra persona. 31 LPRA sec. 6815.

**III**

La apelante discutió conjuntamente todos los errores señalados, porque están íntimamente relacionados. La controversia

se reduce a determinar, si el TPI dictó correctamente la sentencia por desistimiento sin perjuicio, o debió dictar sentencia sumaría a favor de la apelante. La representación legal de la apelante aduce que no existe controversia de que el apelado no cumple con los requisitos para que se le concedan alimentos de excónyuge.

La señora Cruz Burgos sostiene que está probado que el apelado no tiene una necesidad económica ocasionada relacionada con el divorcio, porque declaró en su deposición que; (1) suplía todas sus necesidades y, (2) recibía ingresos adicionales al Seguro Social, provenientes de dos trabajos. La representación legal de la apelante argumenta que el TPI debió excluir la declaración jurada del apelado, porque constituía un *sham affidavit* en la que cambió la versión ofrecida en la deposición. Por último, sostiene que tribunal no podía considerar el alegado padecimiento de cáncer del apelado, porque no fue parte de la demanda de alimentos y se trajo finalizado el descubrimiento de prueba.

Nuestro juicio de novo de la totalidad de la evidencia que obra en el expediente, nos lleva a la misma conclusión que al TPI. La desestimación sumaria con perjuicio no procede, porque existe controversia de hechos que tienen que adjudicarse en un juicio ordinario. La importancia de realizar una vista en su fondo cobra más relevancia, porque las controversias de alimentos de excónyuges tienen alto interés público, por emanar del derecho a la vida. Al igual que foro primario concluimos que la promovente de la moción de la sentencia no probó que, (1) el apelado tiene medios suficientes para vivir, (2) sus problemas de salud no le impiden trabajar, (3) su necesidad económica no está relacionada con el divorcio.

La apelante alega que la capacidad económica del apelado es un hecho probado, porque declaró en la deposición que suplía todas sus necesidades. Su representación legal aduce que esa admisión es

suficiente para establecer la capacidad económica del apelado. La apelante no tiene razón. El testimonio del apelado en su deposición no es suficiente para probar su capacidad económica, ni para demostrar que está apto para trabajar. Por el contrario, pone de manifiesto que existe controversia de hechos esenciales que imposibilitan la adjudicación sumaria de la reclamación de alimentos de excónyuges.

El apelado tenía 80 años al momento de presentar la demanda y declaró que, (1) tenía que utilizar sus tarjetas de crédito para realizar los copagos del plan médico,[5] (2) residía en un lugar para personas mayores de cincuenta y cinco años con ingresos bajos, porque fue lo más barato que consiguió bajo las circunstancias, (3) trabajaba para pagar sus necesidades, (4) no tenía cuenta de ahorro y vivía día a día,[6] (4) trabajaba en Amazon por necesidad, porque no conseguía trabajo como ingeniero a los ochenta y dos años y necesitaba cumplir con sus obligaciones, (5) Amazon no le requirió una evaluación médica, (6) se encontraba en probatoria porque tardaba mucho en entregar los paquetes, (7) no podía levantar los paquetes, porque tenía osteoporosis, (8) tenía un problema visual que le obstruía la visibilidad y problemas de respiración y,[7] (9) los médicos le advirtieron que tenía que cuidarse, porque se fracturó las vértebras en dos ocasiones.[8]

El señor Cordero además, declaró en la deposición sobre todas sus condiciones médicas.[9] El apelado hizo constar en la declaración jurada, todas sus condiciones de salud al momento del divorcio y de solicitar alimentos y que no podía trabajar porque tenía cáncer.

---

[5] Véase Apéndice, página 227.
[6] Id, páginas 318 y 322.
[7] Id, páginas 330,331, 334, 336, 339, 346-347.
[8] Id, página 331.
[9] Id, página 328.

Otro hecho esencial en controversia es, si la incapacidad económica que alega el apelado está relacionada o es consecuencia del divorcio. El apelado declaró en la deposición que se retiró en año 2010, debido a la quiebra de su negocio y que a partir de ese momento cogió el mando del hogar, se convirtió en un *mister mom* y se dedicó a ayudar a la apelante con los problemas en el laboratorio.[10] Durante el proceso de divorcio pidió alimentos pendiente lite, porque estaba en un estado de indefensión económica y que la pensión se convirtiera en una excónyuge. El apelado alegó que vivía con un hijo, porque no tenía medios para alquilar su propia vivienda.[11] El apelado acordó aceptar diez mil dólares para terminar con las controversias, pero no renunció a solicitar una pensión excónyuge.[12] Además, dijo en la declaración jurada que; (1) durante el matrimonio no tuvo que trabajar, para cubrir sus gastos médicos y necesidades, a pesar de que su único ingreso era el seguro social, (2) tuvo que buscar trabajo luego del divorcio, a pesar de sus problemas de salud, porque el seguro social no cubría sus necesidades básicas de vivienda, comida, medicamentos, planes médicos y otros, (3) luego del divorcio, se vio obligado a trabajar con dificultad para tratar de vivir dignamente, (4) tuvo que presentar esta demanda, porque luego del divorcio sus ingresos del seguro social no eran suficientes para cubrir sus necesidades básicas y, (5) no podía volver a trabajar debido a su diagnóstico de cáncer.

La evidencia documental examinada, que incluyó la deposición y declaración jurada del apelado, la demanda de divorcio y el acuerdo al que llegaron las partes en ese pleito pone en entredicho hechos esenciales para determinar la procedencia de la pensión de excónyuges. A nuestro juicio está en controversia si: (1)

---

[10] Véase Apéndice, páginas 332, 340 a 342.
[11] Véase, demanda de divorcio, página 2 del apéndice del recurso.
[12] Véase, Resolución, página 124 del apéndice.

las condiciones de salud del apelado le imposibilitan trabajar, (2) el apelado tiene necesidades económicas, (3) está obligado a trabajar, porque de otro modo no podría satisfacer sus necesidades económicas y, (3) su necesidad económica es consecuencia del divorcio.

Por otro lado, la apelante sostiene que la declaración jurada del apelado es un *sham affidavit* por contradicción. Su representación legal argumenta que el apelado dio una versión en la declaración jurada totalmente incompatible con la que ofreció en la deposición. La apelada insiste en que el apelado no necesita una pensión de alimentos excónyuges, porque admitió en la deposición que cubría todas sus necesidades con sus ingresos. No obstante, alega que cambió su versión en la declaración jurada y declaró que no podía suplir sus necesidades desde el divorcio.

La apelante no tiene razón. La declaración jurada del apelado no es un sham affidavit, porque no existe la contradicción que alega. Su representación legal parte de la premisa incorrecta de que el apelado admitió capacidad económica, porque declaró que suplía todas sus necesidades. Tal expresión es insuficiente para dar por hecho, que el apelado tiene capacidad económica y no necesita la pensión de excónyuge. La apelante, además alega que el TPI no podía considerar el diagnóstico de cáncer del apelado, porque era inexistente en el momento que solicitó los alimentos. No encontramos ningún impedimento legal para que el apelado informe al tribunal que fue diagnosticado con cáncer con posterioridad a la presentación de su solicitud de alimentos. El tribunal tampoco está impedido de considerar ese diagnóstico, al momento de determinar la procedencia de la pensión y su cuantía. El legislador confirió al tribunal la facultad de sopesar cualquier factor que entienda apropiado, conforme a las circunstancias del caso.

Por último, resolvemos que no procede el reclamo de que el TPI debió dictar sentencia sumaria con perjuicio. La desestimación con perjuicio no procede porque las determinaciones de alimentos no constituyen cosa juzgada. La necesidad de alimentos puede existir siempre que apelado demuestre que se cumplen los requisitos para que se le concedan una pensión excónyuge.

**IV**

Se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones