ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HERMINIA REYES CARTAGENA<br><br>Apelante<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE RÍO GRANDE Y OTROS<br><br>Apelados | KLAN202201028 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2018CV00326 (302)<br><br>Sobre: CAÍDAS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

La apelante, Herminia Reyes Cartagena, solicita que revoquemos la Sentencia Sumaria en la que el Tribunal de Primera Instancia desestimó la demanda contra el Municipio Autónomo de Río Grande.

El apelado, Municipio Autónomo de Río Grande, presentó su oposición al recurso.

**I**

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes.

El 18 de septiembre de 2018, la apelante presentó una demanda por daños y perjuicios contra el apelado y su compañía de seguros. La demanda incluyó las alegaciones siguientes. El 4 de junio de 2018, la apelante sufrió una caída en el parque de caminar de la Urbanización Alturas de Río Grande conocido como El Bohemio. La apelante tropezó con el borde de una mole de cemento

---

[1] Se modificó la composición del Panel mediante Orden Administrativa OATA-2023-005.

que sobresalía de la verja del parque hacia la pista. La mole de cemento era imperceptible durante la madrugada. Como consecuencia de la caída, se fracturó el brazo derecho y fue sometida a una cirugía para colocarle placas y tornillos de metal. La apelante responsabilizó al apelado porque era el encargado del mantenimiento y la seguridad del parque y no tomó las providencias para eliminar la mole de cemento con la que tropezó. Véase, página 1 del apéndice del recurso.

El 10 de enero de 2019, el apelado presentó su contestación a la demanda, en la que aceptó que era el encargado del mantenimiento y la seguridad del parque de la Urbanización Alturas de Río Grande. Véase, página 5 del apéndice, alegación número 4 de la contestación a la demanda.

El 19 de octubre de 2019, las partes estipularon en el INFORME DE CONFERENCIA CON ANTELACION AL JUICIO que el Municipio Autónomo de Río Grande tenía la jurisdicción, control y mantenimiento de la pista de caminar de la urbanización Alturas de Río Grande. Véase, página 22 del apéndice.

El 26 de diciembre de 2019, el apelado solicitó permiso para enmendar su contestación a la demanda. El municipio alegó que contestó erróneamente que el accidente ocurrió en un lugar de su propiedad que estaba bajo su cuidado, custodia y control, a base de la información provista en el informe de investigación. El apelado adujo que ese informe fue preparado por un contratista independiente el 27 de noviembre de 2018. No obstante, el 14 de marzo de 2019, la investigadora reconoció el error y aclaró que el parque El Bohemio no es del municipio y que pertenece al gobierno estatal. El municipio alegó que nunca recibió ese informe de seguimiento y que se enteró del error en el mes de noviembre del año en curso. El apelado solicitó permiso para enmendar su

contestación, debido a que el descubrimiento de prueba culminaba el 15 de enero de 2020. Véase, páginas 27 y 30 del apéndice.

El 24 de marzo de 2022, las partes presentaron un Informe Enmendado de Conferencia con Antelación al Juicio en el que el municipio adujo que era necesario:

1. Determinar si el parque pasivo conocido como El Bohemio, ubicado en la Urbanización Alturas de Río Grande es propiedad del Municipio de Río Grande.

2. Determinar si el Municipio de Río Grande es responsable legal de la jurisdicción, control y mantenimiento de la propiedad y facilidades del parque pasivo conocido como El Bohemio. Véase, página 59 del apéndice.

El 1 de julio de 2022, el municipio presentó una moción de sentencia sumaria, en la que alegó en la exposición de sus alegaciones que:

El Municipio de Río Grande niega parcialmente que sea el encargado de darle mantenimiento y o velar por las condiciones de seguridad del parque de caminar de la urbanización Alturas de Río Grande. No es el dueño del parque y solamente le brinda mantenimiento a las áreas verdes, o sea, recorta y recoge la grama. No es responsable de recoger y disponer de los escombros, de brindar seguridad ni tiene jurisdicción, control ni brinda mantenimiento a la pista de caminar. El dueño y propietario del parque de Alturas de Río Grande en donde ocurrió la caída es el Estado Libre Asociado de Puerto Rico. La jurisdicción, control y mantenimiento de la pista de caminar, es responsabilidad del Estado Libre Asociado. (Subrayado nuestro).

Según el municipio, no existe controversia de que:

...

3. El Municipio de Río Grande no es el titular del Parque pasivo conocido como el Bohemio ubicado en la Urbanización de Alturas de Río Grande. El Titular de la propiedad es el Estado Libre Asociado de Puerto Rico. (Véase, Certificación, Director del Departamento de Finanzas del Municipio de Río Grande). (Subrayado nuestro).

4. El Municipio de Río Grande no es el responsable legal de la jurisdicción, control ni mantenimiento de la propiedad ni de las facilidades del parque conocido como el Bohemio, el cual ubica en la Urbanización Alturas de Río Grande. El Municipio no es el dueño legal del mencionado parque pasivo. (Véase,

> Certificación 2, Director del. Departamento de Recreación y Deportes).

5. El Municipio de Río Grande brindaba mantenimiento solo a las áreas verdes del parque pasivo de Alturas de Río Grande conocido como el Bohemio. (Véase, copia del Plan de Trabajo Diario del mes de octubre de 2019.).

El apelado concluyó que:

De los hechos esenciales y pertinentes que no se encuentran en controversia, surge claramente de la Certificación número 1 que el Municipio de Río Grande no es el dueño legal del parque pasivo conocido como el Bohemio, el dueño es el Estado Libre Asociado.

Además, de la certificación 2, se reitera y evidencia que el Municipio de Río Grande no es el responsable de la jurisdicción, control, ni mantenimiento de la propiedad ni de las facilidades del parque conocido como el Bohemio, el cual ubica en la Urbanización Alturas de Rio Grande. El Municipio no es el dueño legal del mencionado parque.

La parte demandante no posee documentación ni declaraciones juradas que controviertan el hecho esencial de que el Municipio de Río Grande no es el dueño legal y que no posee la jurisdicción, control y mantenimiento del parque pasivo de Alturas de Río Grande. El Municipio solamente le brinda mantenimiento a las áreas verdes (recortar y recoger la grama) como servicio a la comunidad. Tampoco posee documento alguno para probar que el Municipio de Río Grande es quien tiene la obligación legal de brindar mantenimiento a la pista ya que el gobierno municipal no es el responsable legal.

Como podrá advertir el honorable tribunal, la parte demandante no incluyó como parte demandada al Estado Libre Asociado de Puerto Rico, ya que una de sus Agencias Estatales es la dueña legal y responsable de la jurisdicción, control y mantenimiento del parque en donde ocurrió la caída. La parte demandante no incluyó en el pleito al dueño legal y responsable del parque pasivo en donde ocurrió la caída, renunciando a su reclamación. Véase, página 69.

El Municipio de Río Grande presentó una moción suplementaria a la solicitud de sentencia sumaria con una relación enmendada de todos los hechos esenciales y pertinentes incontrovertidos. Véase, página 80 del apéndice.

La apelante se opuso a la sentencia sumaria porque el solo hecho de que el municipio le de mantenimiento a las áreas verdes tiene consecuencias jurídicas. La señora Reyes adujo que el

municipio responde por los daños causados, independientemente, de que el parque no le pertenezca o de que el mantenimiento que ofrece sea limitado. Según la apelante, el municipio estaba obligado a ofrecer un mantenimiento adecuado. La apelante argumentó que el objeto con que tropezó salía del área de la jardinería a la que el municipio admitió daba mantenimiento. Por esa razón alegó que para el municipio era previsible que la piedra o mole de cemento podía ocasionar un accidente.

Por otro lado, la apelante alegó la existencia de un cuasi contrato en el que el municipio asumió voluntariamente el mantenimiento de las áreas verdes y los daños que pudiera ocasionar a terceros por su negligencia en el cumplimiento de esa responsabilidad. Finalmente, invocó las doctrinas de actos propios y abuso de derecho contra el municipio.

El foro apelado determinó que el municipio alegó que no estaba encargado ni obligado a darle mantenimiento al parque. Aunque reconoció que recortaba y limpiaba la grama y las áreas verdes de forma voluntaria, negó que esas tareas incluyeran remover piedras.

El TPI resumió las alegaciones de la apelante a que el municipio recortaba y limpiaba las áreas verdes del parque a solicitud de los residentes y admitió que tenía la jurisdicción, el control y mantenimiento de la pista de caminar.

El foro primario concluyó que no existe controversia de hechos materiales y desestimó la demanda. El TPI no incluyó determinaciones de hecho conforme a lo resuelto por el Tribunal Supremo de PR en *Pérez Vagas v. Office Depot,* 203 DPR 687, 703 (2019).

La apelante solicitó reconsideración. El TPI denegó la reconsideración. Inconforme, la apelante presentó este recurso en el que alega que:

Erró el TPI al dictar sentencia sumaria a favor del municipio demandado, a pesar de haber una controversia sustancial de hechos materiales sobre el alcance del mantenimiento que el municipio demandado le daba al parque pasivo El Bohemio; y si este tenía o no, como persona prudente y razonable, la obligación de remover de la pista de caminar la piedra o mole de cemento con la que Doña Herminia tropezó.

## II

### Reclamaciones por daños y perjuicios[2]

Los actos y omisiones en los que intervenga culpa o negligencia son fuentes de obligaciones que generan responsabilidad civil extracontractual. El Artículo 1802 del derogado Código Civil del 1930, preceptuó que aquel que por acción u omisión causa daño a otro, interviniendo culpa o negligencia está obligado a reparar el daño causado. El demandante de una reclamación por daños y perjuicios debe establecer (1) un daño real, (2) el nexo causal entre el daño y la acción u omisión del demandado y (3) el acto u omisión culposo o negligente. La culpa o negligencia es no anticipar y prever las consecuencias racionales de un acto o de su omisión, según lo previsto por una persona prudente en las mismas circunstancias. El promovente de una causa de acción por daños y perjuicios tiene que demostrar que existe un nexo causal adecuado entre el acto culposo o negligente y el daño sufrido. *Cruz Flores v. Hospital Ryder Memorial, Inc.*, 2022 TSPR 112; *Pérez Hernández v. Lares Medical Center,* 207 DPR 965, 976-977(2021).

### Sentencia Sumaria

La sentencia sumaria propicia la solución justa, rápida y económica de aquellas controversias en las que no es necesario realizar un juicio plenario. *Perez Vargas v. Office Depot,* 203 DPR 687, 699 (2019), pág. 699; *González Santiago v. Baxter Health Care,* 202 DPR 281, 290 (2019). No obstante, la sentencia sumaria está

[2] La ley imperante al momento de los hechos es aquella vigente al momento en que ocurrió el acto u omisión que causa el daño, por lo que es de aplicación a la controversia ante nuestra consideración las disposiciones del Código Civil de 1930, 31 LPRA sec. 1, *et seq.* Véase, además, 31 LPRA sec. 11720.

limitada a los casos en los que no existe controversia de hechos medulares y lo único que resta en aplicar el derecho. *Municipio de Añasco v. ASES et al,* 188 DPR 307, 326 (2013).

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, permite que cualquiera de las partes solicite sentencia sumaria a su favor sobre la totalidad del pleito o cualquier parte de la reclamación. El solicitante deberá presentar una moción basada en declaraciones juradas u otra evidencia que demuestre que no existe una controversia sustancial de hechos esenciales y pertinentes. Además, deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial o real en cuanto a algún hecho material. Los hechos materiales son todos los que pueden afectar el resultado de la reclamación conforme al derecho sustantivo aplic1able. La controversia sobre el hecho material tiene que ser real. Cualquier duda no es suficiente para derrotar una solicitud de sentencia sumaria. La duda debe colegir la existencia de una controversia real y sustancial sobre hechos esenciales y pertinentes. *Bobee et al v. UBS Financial Services,* 198 DPR 6, 20 (2017).

El oponente no puede descansar meramente en las aseveraciones o negaciones contenidas en sus alegaciones y tiene que contestar la moción de sentencia sumaria en forma detallada y específica como lo hiciera la parte solicitante. *Bobee et al v. UBS Financial Services, supra*, pág. 21.

Según el inciso (e) de la Regla 36.3, 32 LPRA Ap. V, la sentencia sumaria será dictada inmediatamente si las alegaciones, deposiciones contestaciones a interrogatorios, y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. Además, el tribunal tiene que estar convencido de que como cuestión de derecho procede dictar sentencia sumaria a favor de la promovente.

La Regla 42.2, 32 LPRA Ap V, exime a los tribunales de determinar los hechos probados y consignar por separados las conclusiones de derecho al momento de resolver mociones bajo las reglas 36.1 y 36.2, 32 LPRA Ap. V. El Tribunal Supremo resolvió en *Pérez Vagas v. Office Depot, supra,* que la Regla 42.2, *supra,* releva a los tribunales de consignar sus determinaciones de hecho al momento de disponer de una controversia sumariamente. La Regla 36.4, 32 LPRA Ap. V, únicamente se activa cuando la solicitud de sentencia sumaria es denegada total o parcialmente, pero no se activa cuando es concedida en su totalidad.

Los tribunales apelativos estamos en la misma situación que el Tribunal de Primera Instancia al momento de evaluar la procedencia de una moción de sentencia sumaria. Nuestra revisión es de novo y tiene que estar basada en la Regla 36, supra, y su jurisprudencia interpretativa. Si encontramos que los hechos materiales están realmente incontrovertidos, debemos revisar de novo si el tribunal aplicó correctamente el derecho. *González Santiago v. Baxter Healthcare,* supra, págs. 291.

El Tribunal Supremo de Puerto Rico resolvió en *Berríos v. UPR,* 116 DPR 88, 94 (1985), que un demandado no puede negarse a contestar una demanda por la falta de conocimiento o de información sobre un hecho público o de fácil comprobación. Allí el municipio negó ser el administrador del centro de salud donde ocurrieron los hechos. El tribunal determinó que los abogados deben tener el cuidado especial de no negar los hechos que le constan o que pueden verificar fácilmente. Por eso, resolvió que, cuando se niega un hecho de esa naturaleza, se dará por admitido.

Nuestro más alto foro judicial local, concluyó que el municipio no podía negar por falta de información y conocimiento que era el administrador del centro de salud porque ese hecho era de su propio y directo conocimiento. El Tribunal Supremo de PR advirtió que el

municipio, siempre tuvo control de la prueba que desfiló en la vista en su fondo luego de seis años. Según el tribunal, los actos procesales y extrajudiciales del municipio proyectaron su autoridad y control sobre el centro médico local e indujeron a los demandantes a una creencia razonable de esa representación.

Por otro lado, el Tribunal Supremo reconoció que la doctrina de los actos propio aplica al Estado, en ciertas circunstancias apropiadas. El tribunal advirtió que un demandante puede invocar la doctrina de los actos propios contra el Estado, como un impedimento en equidad de la mala fe. Por eso, concluyó que la responsabilidad del municipio dimanaba de sus propios actos y revocó la desestimación de la demanda en su contra. *Berríos v. UPR,* supra, pág. 98.

### III

La controversia se reduce a determinar si el TPI erró al desestimar sumariamente la demanda por daños y perjuicios contra el Municipio de Autónomo de Río Grande.

La apelante tiene razón. El foro apelado erró al exonerar sumariamente al municipio por la caída de la señora Reyes Cartagena en el parque El Bohemio.

La apelante alega que el municipio asumió voluntariamente el mantenimiento de las áreas verdes de ese parque y que fue negligente en el ejercicio de esa tarea.

Las alegaciones del propio municipio evidencian la existencia de hechos esenciales y materiales en controversia que imposibilitan la desestimación sumaria de la demanda por daños y perjuicios en su contra. **El municipio admitió en la moción de sentencia sumaria que brindaba mantenimiento a las áreas verdes del parque pasivo de Alturas de Río Grande conocido como el Bohemio.** El accidente ocurrió el 4 de junio de 2018. La copia del Plan de Trabajo Diario de octubre de 2019 que presentó el municipio

incluyó el parque de Alturas de Rio Grande. Véase, pág. 768 del apéndice.

El expediente ante la consideración el TPI, incluyó la deposición de la señora Gloria Rivera Soto. La deponente fue empleada del municipio y, luego de su retiro, trabajó en el Centro Comunal de Alturas de Río Grande. Su testimonio establece la participación activa del municipio en el mantenimiento del parque El Bohemio. La señora Rivera declaró lo siguiente. El Departamento de Recreación y Deportes Estatal y el Municipio de Río Grande realizaban el mantenimiento del parque el Bohemio. Véase, pág. 226 del apéndice. Durante el mes de diciembre de 2015, le entregó al Departamento de Recreación y Deportes las facilidades del Centro Comunal y las áreas recreativas al Municipio de Río Grande. Véase, página 227 del apéndice. El municipio la ayudaba mucho para que las facilidades se vieron bonitas. Véase, pág. 229 del apéndice. El mantenimiento que daba el municipio era bien bueno, porque limpiaba el parque con manguera y pasaba el "trimmer". Además, la ayudaba para que la comunidad se viera bien. Véase, pág. 229. El municipio hizo una actividad en el parque en el año 2019, pág. 231

No existe controversia de que el municipio brindaba mantenimiento a las áreas verdes del parque pasivo de Alturas de Río Grande conocido como el Bohemio. Así lo admitió el propio municipio. No obstante, está en controversia si el municipio fue negligente en el cumplimiento de la responsabilidad que asumió de forma voluntaria. El hecho de que haya asumido esa responsabilidad voluntariamente, no le exime de responder por la negligencia en el cumplimiento de sus actos.

La desestimación sumaria de la reclamación no procede porque existe controversia sobre cuáles son las tareas de mantenimiento que asumió el municipio. Por esa razón, es

imposible determinar en esta etapa procesal, si las tareas que asumió el municipio incluyeron la remoción de objetos peligrosos como el mole de cemento con que tropezó la apelante. Esta controversia tiene que ser adjudicada en un juicio plenario.

Por otro lado, existen las circunstancias apropiadas para aplicar la doctrina de los actos propios contra el municipio. El apelado admitió en su contestación a la demanda que era el encargado del mantenimiento y seguridad del parque y estipuló en el Informe de Conferencia con Antelación al Juicio que tenía el control y mantenimiento de la pista de caminar. El municipio reconoció en la moción de sentencia sumaria que proveía el mantenimiento de las áreas verdes. Además, todos esos hechos eran de fácil corroboración para el municipio. El apelado no dependía del informe de un contratista independiente para tener acceso a una información que tiene que constar en los récords y archivos del municipio.

**IV**

Por los fundamentos expuestos, se revoca la sentencia sumaria.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones