Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| IVÁN REYES CAPARRÓS | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Recurrido | | |
| V. | | Caso Núm.: BY2021CV04721 (703) |
| MY WIRELESS PR, LLC | | |
| Peticionaria | | Sobre: |
| | KLCE202300710 | DESPIDO INJUSTIFICADO, DISCRIMEN POR IMPEDIMENTO, LEY DE REPRESALIA, PROCEDIMIENTO SUMARIO, DISCRIMEN |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece ante este tribunal, My Wireless PR, LLC, mediante recurso de *certiorari*. En su escrito, nos solicita la revocación de la Sentencia Parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, del 12 de junio del año en curso. En la misma, el foro recurrido desestimó la reclamación por discrimen religioso, por estar prescrita, y rechazó la invitación del peticionario a desestimar las demás causas de acción presentadas en su contra.

Los hechos esenciales para comprender la determinación que hoy alcanzamos se incluyen a continuación.

**I**

Surge del expediente ante nuestra consideración, que el señor Iván Reyes Caparrós presentó una Querella contra My Wireless Group LLC sobre despido injustificado, discrimen por credo religioso,

Número Identificador

RES2023_____

discrimen por discapacidad y represalias al amparo del proceso sumario de la Ley 2 de 17 de octubre de 1961. Después de varios trámites procesales no pertinentes para nuestro resumen, My Wireless Group LLC presentó una *Moción de sentencia sumaria* solicitando la desestimación de la querella en su totalidad. Por su parte, el señor Reyes Caparrós se opuso a la misma.

Luego del análisis de la moción dispositiva y su oposición, el foro primario emitió Sentencia Parcial. En esta desestimó la reclamación por discrimen por credo religioso por estar prescrita y rechazó la desestimación de las demás reclamaciones. En la Sentencia Parcial determinó 43 hechos no controvertidos, señalando los siguientes hechos materiales como controvertidos:

1)   Si el señor Reyes se negó a firmar "My Wireless New Hire Package" o fue My Wireless quien le ha impedido firmarlo.

2)   Si negarse a firmar dicho acuerdo era motivo para despedir al señor Reyes, dado que comenzó a trabajar varios meses antes de tener que firmarlo.

3)   Si My Wireless despidió al señor Reyes en represalias, por éste presentar varias quejas o comparecer a la CFSE.

4)   Si el señor Reyes tiene algún impedimento que le haga acreedor de un acomodo razonable, si My Wireless se negó a ofrecérselo y, en vez de eso, lo despidió.

5)   Si el señor Reyes fue despedido injustificadamente.

6)   Si el señor Reyes fue despedido injustificadamente y en represalias, ¿a cuánto asciende el daño?

**II**

Primeramente, conforme la facultad concedida a este foro en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones prescindimos de trámite adicional alguno para la solución de este recurso.[1]

---

[1] El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). La discreción judicial se ha definido como la autoridad para elegir entre diversas opciones sin enajenarnos del derecho. Los tribunales deben ejercer su discreción de forma razonable al momento de pasar juicio sobre una controversia para así poder llegar a una condición justiciera. *IG Builders v. BBVAPR*, supra, pág. 338; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, págs. 334–335.

Por otro lado, la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari no es absoluta, está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, que dispone lo siguiente:

> [...] El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado el análisis de la Regla 52.1, *supra*, y concluyendo que estamos autorizados a intervenir conforme a la regla aludida, nuestra

evaluación conlleva un segundo examen previo al ejercicio de nuestra discreción. Nos referimos a la evaluación de los criterios mencionados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020); *IG Builders et al v. BBVAPR*, supra, pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una sentencia final, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016). Se ha resuelto que, el denegar la expedición de un auto de certiorari, no constituye una adjudicación en los méritos, sino que "es corolario del

ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

En cuanto a la solicitud de sentencia sumaria, la doctrina nos señala que ésta propicia la solución justa, rápida y económica de aquellas controversias en las que no es necesario realizar un juicio plenario. *Universal Insurance v. ELA*, 2023 TSPR 24; *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019); *González Santiago v. Baxter Health Care*, 202 DPR 281, 290 (2019). No obstante, la sentencia sumaria está limitada a los casos en los que no existe controversia de hechos medulares y lo único que resta es aplicar el derecho. *Universal Insurance v. ELA*, supra; *Municipio de Añasco v. ASES et al*, 188 DPR 307, 326 (2013).

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, permite que cualquiera de las partes solicite sentencia sumaria a su favor sobre la totalidad del pleito o cualquier parte de la reclamación. El solicitante deberá presentar una moción basada en declaraciones juradas u otra evidencia que demuestre que no existe una controversia sustancial de hechos esenciales y pertinentes o materiales. Además, deberá establecer su derecho con claridad. Los hechos catalogados como materiales o esenciales y pertinentes son todos los que puede afectar el resultado de la reclamación conforme al derecho sustantivo aplicable. La controversia sobre el hecho material tiene que ser real. *Universal Insurance v. ELA*, supra. No obstante, cualquier duda no es suficiente para derrotar una solicitud de sentencia sumaria. La duda debe colegir la existencia de una controversia real y sustancial sobre dichos hechos. *Bobe et al v. UBS Financial Services*, 198 DPR 6, 20-21 (2017). El oponente no puede descansar meramente en las aseveraciones o negaciones contenidas en sus alegaciones y tiene que contestar la moción de sentencia sumaria en forma detallada y específica, como lo hiciera la parte

solicitante. *Bobe et al v. UBS Financial Services*, supra, pág. 21. Según el inciso (e) de la Regla 36.3, 32 LPRA Ap. V, la sentencia sumaria será dictada inmediatamente si de las alegaciones, deposiciones contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. Además, el tribunal tiene que estar convencido de que como cuestión de derecho procede dictar sentencia sumaria a favor de la promovente.

**III**

Luego de un análisis minucioso del expediente en su totalidad, particularmente la solicitud de sentencia sumaria con sus anejos, su oposición y la sentencia recurrida, conforme los criterios y el derecho antes mencionado, decidimos denegar nuestra intervención con la determinación cuestionada.

**IV**

Por lo antes expuesto, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones