<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td>VON KUPFERSCHEIN INDUSTRIES, CORP. Representada por su presidente Alejandro Cofresí Bobe<br><br>Apelante<br><br>Vs.<br><br>VRM ENTERPRISES, INC. y otros<br><br>Apelados</td>
<td>KLAN202500300</td>
<td>*Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Daños y Perjuicios<br><br>Caso Núm.: SJ2023CV09631</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de julio de 2025.

Mediante el presente recurso de apelación, comparece *Von Kupferschein Industries Corp* ("VKI o parte apelante"), para que revisemos la *Sentencia* emitida el 7 de marzo de 2025,[1] por el Tribunal de Primera Instancia ("TPI"), Sala Superior de San Juan. Allí, fue desestimada sumariamente la acción instada por VKI.

Por otra parte, el 11 de marzo de 2025 VRM Enterprise Inc. y otros ("VRM o parte apelada") presentan una moción de reconsideración para que se le impusieran honorarios de abogados a VKI. No obstante, la misma fue declarada *No Ha Lugar* el 25 de marzo de 2025.[2]

Considerados los escritos de las partes, así como los documentos que acompañaron a estos, **confirmamos** la *Sentencia* apelada.

---

[1] Notificada el 10 de marzo de 2025.
[2] Notificada el mismo día.

Número Identificador
SEN2025_____

**-I-**

El **13 de octubre de 2023**, VKI instó una *Demanda* sobre daños y perjuicios contra VRM.[3] En síntesis, alegó que durante varios días una compañía constructora llevó a cabo la demolición de una propiedad perteneciente a VRM sin previa notificación. Reclamó que durante la demolición tuvo que interrumpir las labores y sufrir daños estructurales en su negocio, por lo cual solicitó el resarcimiento de los daños antes ocasionados.

El **31 de enero de 2024**, VRM presentó una *Contestación a Demanda*.[4] Negó las alegaciones presentadas, y arguyó que la demolición fue debidamente notificada y realizada con los permisos correspondientes. Añadió que VKI no sufrió daño alguno, y que cualquier daño estructural sufrido, fue ocasionado por la humedad y la falta de mantenimiento adecuado.

El **27 de septiembre de 2024**, VRM presentó una *Solicitud de Sentencia Sumaria*.[5] Acompañó la solicitud con una *Escritura de Compraventa* otorgada el 16 de diciembre de 2013.[6] En esencia, adujo que VKI no tenía legitimación activa para la reclamación instada, ni prueba necesaria para demostrar los daños reclamados, ya que no produjo evidencia relacionada a los daños materiales ni a las pérdidas económicas sufridas a raíz de la demolición. También, señaló que faltaba la acumulación del contratista independiente. Por lo cual, solicitó la desestimación de la demanda.

El **29 de octubre de 2024** VKI compareció en *Oposición a Moción de Sentencia Sumaria*.[7] En suma, reiteró las alegaciones contenidas en su demanda. Referente al asunto de legitimación

---

[3] Anejo II de la *Apelación*, págs. 13 – 15.
[4] Anejo III de la *Apelación*, págs. 16 – 23.
[5] Cabe señalar que en la solicitud aparece como compareciente *"Puerto Rico Holdings, LLC representado por Kurt Gregory Stenhouse"*, entendemos que ello se debió a un error, y que la parte solicitante fue VRM.; Anejo IV de la *Apelación*, págs. 24 – 50.
[6] Anejo IV de la *Apelación*, págs. 39 – 50.
[7] Anejo V de la *Apelación*, págs. 51 – 62.

activa, adujo que la escritura de compraventa fue declarada nula el 9 de agosto de 2019, por lo que la propiedad era suya al momento de instar la demanda. Sobre la comparecencia del contratista independiente señaló que, al ser un caso de responsabilidad vicaria, no hacía falta como parte indispensable en el presente caso. Acompañó la oposición con varios anejos, entre ellos: la *Sentencia Parcial* emitida el 9 de agosto de 2019, en la cual se declaró nula de la venta de la propiedad;[8] varias comunicaciones;[9] y, varias fotografías.[10]

Por su parte, el **19 de noviembre de 2024** VRM replicó.[11] Reconoció la legitimación activa de VKI para instar la acción, sin embargo, señaló que ello no era suficiente para derrotar la moción de sentencia sumaria solicitada, ya que no controvirtió los hechos propuestos en la solicitud, como tampoco presentó prueba admisible que evidencien los alegados daños sufridos, por lo que arguyó la parte apelante no cumplió con las disposiciones de Regla 36 de Procedimiento Civil.[12]

Evaluadas las mociones de las partes y los documentos sometidos, el **7 de marzo de 2025** el TPI emitió una *Sentencia*,[13] en la hizo las siguientes determinaciones de hechos incontrovertidos:

1. *El 4 de abril de 2023, VRM, obtuvo el permiso de construcción número 2023-480340-PCOC-034466 emitido por la Oficina de Gerecias [sic] de Permisos de Puerto Rico para la demolición de la propiedad ubicada en el 315 Calle Núm. 1, Urbanización Puerto Nuevo San Juan, Puerto Rico, 00920.[14]*
2. *Las obras de demolición se llevaron a cabo los días 15, 17, 18 y 19 de abril de 2023.[15]*

---

[8] Anejo V de la *Apelación*, págs. 63 – 71.
[9] *Íd.*, págs. 82, 83.
[10] *Íd.*, págs. 84 – 95.
[11] Anejo VI de la *Apelación*, págs. 96 – 100.
[12] Regla 36 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 36.
[13] Notificada el 10 de marzo de 2025.; Anejo I de la *Apelación*, págs. 63 – 71.
[14] *"Véase, Informe Conjunto Enmendado de Conferencia con Antelación a Juicio, Estipulación de hecho #3, presentado conjuntamente por las partes el 15 de agosto de 2024"*. Cita en original. Véase; Anejo I de la *Apelación*, pág. 3.
[15] *"Véase, Informe Conjunto Enmendado de Conferencia con Antelación a Juicio, Estipulación de hecho #4, presentado conjuntamente por las partes el 15 de agosto de 2024"*. Cita en original. Véase; Anejo I de la *Apelación*, pág. 3.

**3.** *Las obras de demolición llevadas a cabo en la propiedad de VRM fueron realizadas por un contratista que no es parte en el presente pleito.*[16]

**4.** *VRM reemplazó, a su costo, la verja ("cyclone fence") mohosa existente a la fecha de la demolición que dividía las propiedades, erigiendo en su lugar una nueva verja ("cyclone fence") en su lugar.*[17]

**5.** *La única prueba que obra en el expediente de los alegados daños estructurales sufridos por VKI son unas fotografías que ilustran porciones de un techo con pedazos desprendidos.*[18] *Los daños visibles en las fotografías aparentan ser por falta de mantenimiento o humedad.*

**6.** *No hay prueba en el expediente que demuestre los aalegados daños sufridos por VKI por la interrupción de sus negocios.*[19]

El TPI concluyó que en su oposición a la moción de sentencia sumaria, VKI incumplió con las exigencias de la citada Regla 36 de Procedimiento Civil. Razonó que dicha parte no realizó una relación concisa ni organizada sobre a los párrafos enumerados, ni controvirtió los hechos propuestos sobre los que no había controversia. También razonó que la prueba presentada por VKI no demostró los daños sufridos, ni los otros elementos que requería la acción instada.

Ante el incumplimiento de VKI con la referida Regla 36, y concluido el descubrimiento de prueba sin que se demostrara un vínculo entre la demolición y los alegados daños; es decir, ausencia total de prueba, el TPI procedió a dictar sentencia sumaria a favor de VRM y a desestimar la demanda presentada por VKI.

Aunque resultó favorecido, el **11 de marzo de 2025** VRM presentó una *Moción de Reconsideración.*[20] Solicitó que el TPI reconsiderara su determinación a los efectos de si la desestimación era con perjuicio y adjudicara que VKI actuó con temeridad.

---

[16] *"Véase, Informe Conjunto Enmendado de Conferencia con Antelación a Juicio, Estipulación de hecho #5, presentado conjuntamente por las partes el 15 de agosto de 2024". Cita en original.* Véase; Anejo I de la *Apelación*, pág. 3.

[17] *"Véase, Informe Conjunto Enmendado de Conferencia con Antelación a Juicio, Estipulación de hecho #6, presentado conjuntamente por las partes el 15 de agosto de 2024". Cita en original.* Véase; Anejo I de la *Apelación*, pág. 3.

[18] *"Véase, Oposición a Moción de Sentencia Sumaria, Anejo 5, presentado por VKI el 29 de octubre de 2024". Cita en original.* Véase; Anejo I de la *Apelación*, pág. 3.

[19] Anejo I de la *Apelación*, pág. 5.

[20] Anejo VII de la *Apelación,* págs. 101 – 103.

En cumplimiento de orden,[21] VKI se opuso a la solicitud el **24 de marzo de 2025**.[22]

Mediante *Orden* emitida el **25 de marzo de 2025**,[23] el TPI declaró *No Ha Lugar* la moción de reconsideración presentada por VRM.[24]

De otra parte, el **8 de abril de 2025** VKI nos presentó el recurso de *Apelación* epígrafe. Nos señaló que el TPI erró *"[a]l dictar sentencia sumaria en las circunstancias de este caso"*.

Así, el **21 de abril de 2025** VRM compareció mediante el escrito intitulado *"Alegato de la Parte Apelada"*.

Habiendo comparecido las partes, dimos por sometido el asunto para la consideración del Panel.

**-II-**

**-A-**

La Regla 36 de las Reglas de Procedimiento Civil regula el mecanismo procesal de la sentencia sumaria, cuyo propósito principal es facilitar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales.[25] Se considera un hecho material esencial *"[a]quel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable"*.[26] Por lo tanto, procederá dictar una sentencia sumaria;

> *[s]i las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que [,] como cuestión de derecho[,] el tribunal debe dictar sentencia sumaria a favor de la parte promovente.*[27]

---

[21] Anejo VIII de la *Apelación*, pág. 104.
[22] Anejo IX de la *Apelación*, págs. 105 – 110.
[23] Notificada el mismo día.
[24] Anejo X de la *Apelación*, pág. 111.
[25] Regla 36.3 (e) de Procedimiento Civil, 32 LPRA Ap. V., R. 36.3 (e); *Bobé v. UBS Financial Services*, 198 DPR 6, 19-20 (2017).
[26] *SLG Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011). *Citas Omitidas*.
[27] 32 LPRA Ap. V., R. 36.3 (e).

Es decir, este mecanismo podrá ser utilizado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo le resta aplicar el derecho.[28] De manera, que un asunto no debe ser resuelto por la vía sumaria cuando:

> *(1) existen hechos materiales y esenciales controvertidos; (2) hayan alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede.*[29]

La precitada Regla establece los requisitos de forma que debe satisfacer toda solicitud de sentencia sumaria.[30] El inciso (a) de la Regla 36.3 de Procedimiento Civil dispone que la moción de la parte promovente deberá contener:

> **1)** *Una exposición breve de las alegaciones de las partes;*
> **2)** *los asuntos litigiosos o en controversia;*
> **3)** *la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> **4)** *una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> **5)** *las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> **6)** *el remedio que debe ser concedido.*[31]

Asimismo, presentada una moción de sentencia sumaria, la parte promovida no deberá cruzarse de brazos ni descansar exclusivamente en meras afirmaciones o en las aseveraciones contenidas en sus alegaciones.[32] Es preciso que la parte promovida formule —con prueba adecuada en derecho— una posición sustentada con contradeclaraciones juradas y contradocumentos

---

[28] *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012).
[29] *SLG Szendrey-Ramos v. Consejo de Titulares*, *supra*, a la pág. 167.
[30] *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 431 (2013).
[31] 32 LPRA Ap. V, R. 36.3 (a). *Énfasis nuestro.*
[32] *Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 785 (2016).

que refuten los hechos presentados por el promovente.[33] Por consiguiente, cualquier duda que plantee sobre la existencia de hechos materiales en controversia no será suficiente para derrotar la procedencia de la solicitud.[34] Es decir, *"[t]iene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes"*.[35] Después de todo, *"[l]a etapa procesal para presentar prueba que controvierta los hechos propuestos por una parte en su Moción de Sentencia Sumaria no es en el juicio, sino al momento de presentar una Oposición a la Moción de Sentencia Sumaria, según lo exige la Regla 36 de Procedimiento Civil"*.[36]

En ese sentido, la parte promovida también tiene la obligación de cumplir con las exigencias enunciadas en las cláusulas **(1), (2)** y **(3)** del inciso (a) de la Regla 36.3 de Procedimiento Civil.[37] Le corresponde citar con especificidad cada uno de los párrafos, según enumerados en la solicitud de sentencia sumaria, que entiende se encuentran en controversia, al igual aquellos que no.[38] Dicha tarea deberá ser realizada de forma tan detallada y específica como lo haya hecho la parte promovente y haciendo referencia a la prueba admisible en la cual se sostiene la impugnación, con cita a la página o sección pertinente.[39]

Ahora bien, la inobservancia de las partes con la normativa pautada tiene repercusiones diferentes para cada una. Al respecto, nuestro Tribunal Supremo ha señalado que:

> *[P]or un lado, si quien promueve la moción incumple con los requisitos de forma, el tribunal no estará obligado a considerar su pedido. A contrario sensu, si la parte opositora no cumple con los requisitos, el tribunal puede dictar sentencia sumaria a favor de la parte promovente, **si procede en derecho**. Incluso, si la parte opositora se aparta de las directrices consignadas [en la regla] el tribunal podrá no tomar*

---

[33] *Ramos Pérez v. Univisión*, 178 DPR 200, 214 – 215 (2010).
[34] *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26 (2014).
[35] *Ramos Pérez v. Univisión, supra*, a la pág. 214.
[36] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 122 (2015).
[37] 32 LPRA Ap. V, R. 36.3 (b)(1).
[38] *SLG Zapata-Rivera v. JF Montalvo, supra*, a la pág. 432.
[39] *Íd.; Burgos López et al. v. Condado Plaza*, 193 DPR 1, 17 (2015).

*en consideración su intento de impugnación [de los hechos ofrecidos por el promovente].*[40]

En ese mismo orden, nuestra jurisprudencia ha establecido que el deber de numeración no constituye un mero formalismo ni es un simple requerimiento mecánico sin sentido.[41] Este esquema le confiere potestad a los tribunales para excluir aquellos hechos propuestos que no hayan sido enumerados adecuadamente o que no hayan sido debidamente correlacionados con la prueba.[42]

De igual manera, el Tribunal Supremo estableció que el mero hecho de que la parte promovida no presente evidencia que contradiga la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria.[43] Cónsono con la norma antes descrita, la doctrina establece que los documentos que acompañan la moción de sentencia sumaria deben verse en la forma más favorable a la parte que se opone a la moción, concediéndole el beneficio de toda inferencia que razonablemente se pueda derivar de ellos.[44]

Por otro lado, es menester señalar que al ejercer nuestra función revisora sobre decisiones en las que se aprueba o deniega una solicitud de sentencia sumaria, nos encontramos en la misma posición que los foros de primera instancia.[45] Al tratarse de una revisión de *novo,* debemos ceñirnos a los mismos criterios y reglas que nuestro ordenamiento les impone a los foros de primera instancia, y debemos constatar que los escritos de las partes cumplan con los requisitos codificados en la Regla 36 de Procedimi*ento* Civil, *supra.*[46] A tenor con lo expuesto, el Tribunal Supremo ha pautado lo siguiente:

> *[E]l Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro*

---

[40] *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 111. *Énfasis nuestro.*
[41] *SLG Zapata-Rivera v. JF Montalvo, supra,* a la pág. 434.
[42] *Íd.,* a la pág. 433.
[43] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 912-913 (1994).
[44] *Corp. Presiding Bishop v. Purcell,* 117 DPR 714, 720 (1986).
[45] *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 118.
[46] *Íd.*

*apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.* [...]

[Por el contrario], *de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*[47]

Desde luego, el alcance de nuestra función apelativa al intervenir en estos casos no comprenderá la consideración de prueba que no fue presentada ante el foro de primera instancia ni la adjudicación de hechos materiales en controversia.[48]

**-B-**

Finalmente, en cuanto a honorarios de abogados se refiere, la Regla 44.1 (d) de Procedimiento Civil, en lo pertinente, dispone lo siguiente:

*En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. […].*[49]

Los términos de frivolidad o temeridad han sido objeto de interpretación por nuestro Tribunal Supremo de P.R., que al respecto, ha establecido:

*…aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a envolverse en trámites evitables.*
*…[S]e entiende que un litigante actúa con temeridad cuando por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito.*[50]

La Regla 85 inciso (B) del Tribunal de Apelaciones nos permite imponer sanciones a la parte que haya procedido con frivolidad, al disponer que:

*Si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará o desestimará, según sea el caso, e impondrá a la parte promovente o a su abogado o abogada las costas, los gastos, los honorarios de abogado y la sanción económica que estime apropiada, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte*

---

[47] *Íd.* a las págs.118-119.
[48] *Íd. Énfasis nuestro.*
[49] 32 L.P.R.A. Ap. V. R. 44.1.
[50] *Maderas Tratadas v. Sun Alliance et al.,* 185 D.P.R. 880,925-926 (2012).

*opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones.*

*El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al recurso es frívola o que ha sido presentada para dilatar los procedimientos.*[51]

**-III-**

En esencia, VKI nos plantea que el TPI erró al dictar sentencia sumaria en el presente caso. No le asiste la razón. Veamos los fundamentos.

Como foro intermedio estamos en la misma posición que el TPI para atender la moción de sentencia sumaria. En dicha moción, VRM alegó que VKI no tenía legitimación activa para la acción instada, dado que no era dueña de la propiedad al momento de instar la acción. Argumentó que VKI no contaba con prueba concreta que demostrara la existencia de los daños sufridos a la propiedad y que fueran causados directamente por los trabajos de demolición. Añadió que VKI no expuso de forma detallada los alegados daños sufridos ni contaba con prueba que permitiera determinar los daños materiales, las pérdidas económicas y los gastos incurridos. Por lo que, solicitó la desestimación con perjuicio de la demanda instada. Un análisis de la solicitud de sentencia sumaria nos lleva a concluir que VRM cumplió con todos los trámites procesales correspondientes a la Regla 36 de Procedimiento Civil, *supra*.

En cuanto a la oposición a la moción de sentencia sumaria presentada por VKI, notamos que no cumplió con las normas establecidas en la citada Regla 36 de Procedimiento Civil. Esto, ya que no realizó una relación concisa de los párrafos enumerados por VRM, ni presentó pruebas admisibles que controviertan los hechos propuestos. Aunque VKI demostró que tenía legitimación activa para su causa de acción, incumplió con demostrar los alegados daños

---

[51] Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 85(B).

sufridos, ya que se limitó a hacer planteamientos generalizados sin apuntar a evidencia admisible que los apoyara.

En consecuencia, procedía que se dictara sentencia sumaria a favor de VRM, dada a la ausencia de prueba que demostrará un vínculo entre la demolición y los alegados daños. Nótese que la oposición a la moción de sentencia de VKI no tuvo el efecto de controvertir los hechos materiales y esenciales propuestos por VRM.

Coincidimos con el TPI al concluir que VKI no contaba con prueba suficiente para demostrar su causa de acción. Por estar apoyada en la prueba, incorporamos por referencia las determinaciones de hechos materiales incontrovertidas que obran en la *Sentencia* emitida. Ante este escenario, el TPI actuó correctamente al resolver el caso sumariamente.

Por otra parte, denegamos la solicitud de VRM para que impongamos honorarios por temeridad a VKI en esta etapa apelativa. En virtud de la citada Regla 85 inciso (B) del Reglamento del Tribunal de Apelaciones, apreciamos que VKI no ha actuado de forma temeraria al presentar este recurso de apelación.

En fin, un examen de la totalidad del expediente no revela razón alguna por la cual debamos intervenir con el dictamen del TPI de disponer sumariamente del pleito y desestimar la demanda. Ante la ausencia de error, pasión, prejuicio o parcialidad procede confirmar la *Sentencia* apelada.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones