Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GLORIA SANTIAGO RODRÍGUEZ; GLORYVETTE DÍAZ SANTIAGO; JULIO GIL DE LAMADRID PÉREZ<br><br>Apelantes<br><br><br>v.<br><br>POPULAR AUTO LLC.<br><br>Apelado | KLAN202500330 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: *Injuction, Injuction* Preliminar y Permanente<br><br><br>Civil Núm. SJ2023CV07361 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Comparecen, la señora Gloria Santiago Rodríguez (en adelante, señora Santiago Rodríguez), la señora Gloryvette Díaz Santiago (en adelante, la señora Díaz Santiago) y el señor Julio E. Gil de Lamadrid Pérez (en adelante, señor Gil de Lamadrid Pérez), en conjunto los apelantes. Nos solicitan que revoquemos la *Sentencia* emitida el 19 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI). Allí, se les ordenó a los apelantes al pago solidario de $19,136.37 junto a otras sumas correspondientes a rentas y demoras generadas mensualmente.

Considerados los escritos de las partes se confirma la *Sentencia* apelada.

**-I-**

El **1 de agosto de 2023**, los apelantes presentaron una *Demanda* solicitando un entredicho permanente contra Popular Auto LLC (en adelante, Popular Auto o apelado) para que cesaran los esfuerzos de cobro de un préstamo de auto.[1] Alegaron que la señora Santiago Rodríguez y su hija, la señora Díaz Santiago compraron un vehículo de motor financiado con Popular Auto con pago mensual de $900.48 y un residual. También, arguyeron que el contrato de Popular Auto tenía unos errores matemáticos, y por ello, surgió una controversia entre las partes en cuanto al balance adeudado.[2] El mencionado contrato era uno de *Arrendamiento Financiero.*

También, alegaron que el 2 de mayo de 2022 le remitieron una carta a Popular Auto.[3] En esta, presentaron una oferta y/o corrección de lo que, de acuerdo con ellos, realmente se adeudaba. Con la carta anejaron un cheque de gerente por la suma de **$13,378.98** e indicaron que, del apelado recibir el pago, ello cancelaba la deuda por el concepto jurídico de aceptación como finiquito ("Accord and Satisfaction"). Por lo que de acuerdo con los apelantes, Popular Auto depositó el giro bancario sin reserva alguna, aceptando el pago final y finiquito. Entonces, aducen que, pese a realizar múltiples gestiones para obtener la licencia y titulo del vehículo, el apelado se negó a entregarlos. Además, aseguran que Popular Auto continuó el envío de facturas mensuales que no son cobrables y que han afectado el crédito de la señora Santiago Rodríguez y de la señora Díaz Santiago.

Por todo esto, le solicitaron al TPI que ordenara la eliminación de cualquier deuda; el cese y desista de las cartas en cobro o

---

[1] Apéndice I de la *Apelación*, a las págs. 1-3.
[2] Apéndice I de la *Apelación*, a las págs. 7-8.
[3] Apéndice I de la *Apelación*, a las págs. 9-10.

gestiones de cobro; el cese y desista de notificaciones sobre atrasos o deuda a las compañías de crédito; el cese y desista de cualquier comunicación de cobro y amenaza de reposición; y, finalmente, que ordenara el traspaso de la licencia del vehículo y de su título.

El **6 de octubre de 2023**, Popular Auto compareció mediante *Contestación a Demanda y Reconvención*.[4] En esencia, negó las alegaciones en su contra y levantó varias defensas afirmativas. Alegó afirmativamente que a requerimiento de la señora Díaz Santiago, Popular Auto compró el vehículo en controversia y le cedió la posesión de este en virtud de un *Contrato de Arrendamiento Financiero*, por lo que así fue como se realizó el financiamiento del vehículo.

Además, aceptó que el 2 de mayo de 2022 recibió la misiva antes mencionada. No obstante, negó que hubiera un error en el contrato que requiriera corrección. De igual forma, negó que el balance adeudado fuese de $13,378.98 y que el recibo de dicho pago constituyera la aceptación de una "oferta" o la cancelación de la deuda bajo "aceptación como finiquito". Así, aceptó su negativa a entregar la licencia y título del vehículo, ya que subsistía una deuda en el arrendamiento financiero. En cuanto a su *Reconvención*, el apelado adoptó por referencia las alegaciones contenidas en su *Contestación a la demanda*.

En la misma fecha, Popular Auto presentó una *Demanda contra tercero*.[5] En esta, adujo que la señora Díaz Santiago, el señor Gil de Lamadrid y la Sociedad de Gananciales compuesta por ambos respondían solidariamente por la deuda, ya que esta ocurrió durante la vigencia de su matrimonio.[6] De igual modo, arguyó que la señora Santiago Rodríguez garantizó la deuda durante la vigencia de su

---

[4] Apéndice II de la *Apelación*, a las págs. 12-18.

[5] Apéndice III de la *Apelación*, a las págs. 19-21.

[6] La causa de acción contra la Sociedad de Gananciales Gil de Lamadrid-Díaz se desestimó debió a que el régimen económico que rige el matrimonio es la total separación de bienes.

matrimonio con el señor Wilfredo Díaz, por lo que este último y la Sociedad de Gananciales compuesta por ambos respondían solidariamente por el pago del balance insoluto del financiamiento.

Luego de varios trámites procesales, el **7 de agosto de 2024** los apelantes presentaron *Moción solicitando Sentencia Sumaria.*[7] En apretada síntesis, reiteraron las alegaciones contenidas en su *Demanda.* Le solicitaron al TPI la extinción de la obligación, la aceptación del pago en finiquito y que ordenara la continuación del caso para atender la retención de la licencia, titulo y marbete del vehículo, más los daños causados por la falta de uso del vehículo.

El **24 de septiembre de 2024**, Popular Auto presentó su *Oposición y Solicitud de Sentencia Sumaria.*[8] En esta, solicitó que se declarara con lugar su reconvención, que se ordenara el pago de los reclamado y que la figura de pago en finiquito no era aplicable a la controversia de epígrafe.

El **19 de diciembre de 2024** el TPI emitió *Sentencia* en la que declaró Ha lugar la moción de sentencia sumaria de Popular Auto sin detallar las determinaciones hechos, conforme a los resulto en *Pérez Vargas v. Office Depot,* 203 DPR 687 (2019).[9] Razonó que el contrato habido entre los apelantes y Popular Auto era uno de arrendamiento abierto en el que la señora Santiago Rodríguez y la señora Díaz Santiago pagaban por el uso del vehículo durante la vigencia del contrato. Si al finalizar el contrato, madre e hija interesaban adquirir el vehículo, estas tendrían que pagar el residual. De lo contario, debían devolver la unidad arrendada. Concluyó que los apelantes no hicieron ninguna de las dos cosas.

Por otro lado, el TPI afirmó que contrario a las alegaciones de los apelantes, no encontró errores ni inconsistencias en el contrato

---

[7] Apéndice IX de la *Apelación,* a las págs. 66-84.
[8] Apéndice X de la *Apelación,* a las págs. 85-131.
[9] Apéndice XIV de la *Apelación,* a las págs. 154-159.

aun luego de interpretarlo en contra de Popular Auto, la parte que lo preparó. Por lo que, resolvió que el contrato de arrendamiento era claro en cuanto a su contenido.

Sobre la carta del 2 de mayo de 2022, el TPI señaló que antes de dicha carta, los apelantes habían recibido una carta por parte de Popular Auto donde se les notificó que el balance de liquidación era de $23,759.35 hasta el 4 de mayo de 2022. De manera que, concluyó que la carta de los apelantes no fue de buena fe, pues conocían o debieron conocer que el balance de liquidación era mayor a la cantidad ofrecida. Así las cosas, condenó a la señora Díaz Santiago, a la señora Santiago Rodríguez, al señor Wilfredo Díaz y la Sociedad de Gananciales compuesta por estos últimos, al pago solidario del balance ascendente a $19,136.37. De igual forma, ordenó el pago de las rentas y las demoras que se continuaron generando mensualmente hasta el pago de la deuda o la entrega del auto, junto a los gastos de abogado por concepto de gastos del litigio pactados.

En desacuerdo, los apelantes presentaron una *Moción solicitando determinaciones de hechos y reconsideración de la Sentencia.*[10] Popular Auto presentó el correspondiente escrito en oposición.[11] Atendidos ambos escritos, el TPI denegó la solicitud de los apelantes y acogió la oposición de Popular Auto.

Aun en desacuerdo, los apelantes acudieron a este foro intermedio y nos plantearon la comisión de los siguientes errores:

> Erró el TPI en no declarar ha lugar la solicitud de sentencia sumaria de la parte apelante a tenor con la doctrina de pago en finiquito (Accord and Satisfaction)
>
> Erró el TPI al declarar Ha Lugar, la oposición a solicitud de sentencia sumaria y solicitud de sentencia sumaria presentada por la parte apelada Popular Auto LLC, ya que existía una controversia de hechos sobre las cuantías alegadas por la parte apelada.
>
> Erró el TPI en no sancionar a la parte apelada por su Temeridad.

---

[10] Apéndice XV de la *Apelación,* a las págs. 160-172.
[11] Apéndice XVI de la *Apelación,* a las págs. 173-178.

Oportunamente, Popular Auto compareció mediante escrito en oposición. Por lo que el recurso quedó perfeccionado para la consideración del Panel Especial.

**-II-**

**-A-**

La Regla 36 de Procedimiento Civil,[12] regula el mecanismo procesal de la sentencia sumaria, cuyo propósito principal es facilitar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales.[13] Se considera un hecho material esencial *"aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable"*.[14] Por lo tanto, procederá dictar una sentencia sumaria:

> [S]i las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que [,] como cuestión de derecho[,] el tribunal debe dictar sentencia sumaria a favor de la parte promovente.[15]

Es decir, este mecanismo podrá ser utilizado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo le resta aplicar el derecho.[16] De manera, que un asunto no debe ser resuelto por la vía sumaria cuando:

> **(1)** existen hechos materiales y esenciales controvertidos; **(2)** hayan alegaciones afirmativas en la demanda que no han sido refutadas; **(3)** surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o **(4)** como cuestión de derecho no procede.[17]

---

[12] 32 LPRA Ap. V, R. 36.
[13] 32 LPRA Ap. V, R. 36.3 (e); *Bobé v. UBS Financial Services*, 198 DPR 6, 19 – 20 (2017).
[14] *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011).
[15] Regla 36.3 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (e).
[16] *Burgos López et al. v. Condado Plaza*, 193 DPR 1, 17 – 18 (2015); *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012).
[17] *S.L.G. Szendrey-Ramos v. Consejo de Titulares, supra*, a la pág. 167. Énfasis nuestro.

La precitada regla establece los requisitos de forma que debe satisfacer toda solicitud de sentencia sumaria.[18] El inciso (a) de la Regla 36.3 de Procedimiento Civil, dispone que la moción de la parte promovente deberá contener:

> **(1)** una exposición breve de las alegaciones de las partes; **(2)** los asuntos litigiosos o en controversia; **(3)** la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; **(4)** una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; **(5)** las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y **(6)** el remedio que debe ser concedido.[19]

Es menester señalar que al ejercer nuestra función revisora sobre decisiones en las que se aprueba o deniega una solicitud de sentencia sumaria, nos encontramos en la misma posición que los foros de primera instancia.[20] Al tratarse de una revisión de *novo*, debemos ceñirnos a los mismos criterios y reglas que nuestro ordenamiento les impone a los foros de primera instancia, y debemos constatar que los escritos de las partes cumplan con los requisitos codificados en la Regla 36 de Procedimi*ento* Civil, *supra*.[21] A tenor con lo expuesto, el Tribunal Supremo ha pautado lo siguiente:

> [e]l Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. [...]
> [Por el contrario], de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[22]

---

[18] *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 431 (2013).
[19] 32 LPRA Ap. V, R. 36.3 (a). Énfasis nuestro.
[20] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015); *Vera v. Dr. Bravo*, 161 DPR 308 (2004).
[21] *Meléndez González et al. v. M. Cuebas*, *supra*,
[22] *Meléndez González et al. v. M. Cuebas*, *supra*, a las págs.118-119.

Desde luego, el alcance de nuestra función apelativa al intervenir en estos casos no comprenderá la consideración de prueba que no fue presentada ante el foro de primera instancia ni la adjudicación de hechos materiales en controversia.[23]

**-B-**

La doctrina de acuerdo y pago en finiquito, o "accord and satisfaction", es una de las formas de extinción de las obligaciones contractuales, además de una modalidad del contrato de transacción.[24] La aplicación de esta doctrina exige la presencia de los siguientes elementos: **(1)** una reclamación ilíquida o sobre la cual exista controversia *bona fide*; **(2)** un ofrecimiento de pago por parte del deudor; y **(3)** una aceptación del ofrecimiento de pago por el acreedor.[25]

En cuanto al primer requisito, el Tribunal Supremo de Puerto Rico exigió no solo la iliquidez de la deuda, sino **—la ausencia de opresión o indebida ventaja de parte del deudor—** sobre su acreencia.[26] El segundo requisito —el ofrecimiento de pago— **debe** ir acompañado por declaraciones o actos que **claramente** indiquen que —**el pago ofrecido por el deudor al acreedor es en pago total, completo y definitivo**— de la deuda existente entre ambos. Por último, en cuanto al tercer elemento —la aceptación por parte del acreedor— este requiere de **actos afirmativos** que claramente indiquen la **aceptación de la oferta**.[27]

En virtud de lo antes expuesto, presente el primer elemento —iliquidez de la deuda y ausencia de opresión del deudor— se entiende que una vez el deudor hace el ofrecimiento de pago sujeto a la condición de que el aceptarlo se entenderá en saldo de la

---

[23] *HR Elec., Inc. v. Rodríguez, supra.*
[24] *A. Martínez & Co. v. Long Const. Co.*, 101 DPR 830, 834 (1973); *López v. South PR Sugar Co.,* 62 DPR 238 (1943).
[25] *HR Elec., Inc. v. Rodríguez,* 114 DPR 236, 240 (1983). Énfasis nuestro.
[26] *Íd.*, a la pág. 241. Énfasis nuestro.
[27] *Íd.,* a la pág. 243. Énfasis nuestro.

reclamación, el acreedor está impedido de reclamar la diferencia entre lo recibido y lo reclamado por el deudor.[28]

Ahora bien, es importante resaltar que la oferta de pago debe hacerse de **buena fe** y mediante **claro entendimiento**, la cual represente una propuesta para la extinción de la obligación.[29] Al momento de evaluar una solicitud de sentencia sumaria, y la procedencia de la figura del *pago en finiquito*, es preciso analizar los requisitos jurisprudenciales, a la luz de la legislación discutidas. Este ejercicio, para fines de disposición sumaria, por supuesto, tiene que acreditar que no existe controversia alguna de hechos medulares.

**-III-**

En síntesis, los apelantes plantean que el TPI incidió al no resolver el caso de epígrafe conforme a la doctrina de pago en finiquito y desestimar la demanda cuando existía controversia de hechos sobre las cuantías alegadas por la parte apelada. Por su parte, Popular Auto arguye que el TPI actuó correctamente al determinar que no se configuraron los requisitos necesarios para aplicar la doctrina del pago en finiquito. Esto es, los apelantes no presentaron una controversia *bona fide* sobre una reclamación líquida. Popular Auto enfatizó que los apelantes no ejercieron las opciones provistas en el contrato de arrendamiento.

De antemano, coincidimos con el proceder del TPI en el presente caso. Un estudio minucioso del expediente demuestra que no existen controversias de hechos sobre las cuantías reclamadas. Al igual modo, encontramos que el contrato suscrito entre las partes resulta claro en cuanto a su contenido.[30]

---

[28] *Íd.*

[29] *A. Martínez & Co. v. Long Const. Co.*, *supra*, a la pág. 834.

[30] Apéndice X de la *Apelación*, a las págs. 120-121.

Por otro lado, no encontramos que los apelantes hayan cumplido con los requisitos jurisprudenciales para configurar el pago en finiquito.

**Primeramente**, no existía una reclamación ilíquida o sobre la cual existiera controversia *bona fide*. Surge del expediente que Popular Auto les notificó a los apelantes mediante carta del 2 de mayo de 2022 sobre el balance de liquidación.[31] **Segundo**, los apelantes enviaron una carta ofreciendo una suma distinta a la adeudada como pago total en acuerdo y satisfacción. Si bien es cierto que el apelado aceptó el cheque de gerente presentado por los apelantes, esto no configuró el pago en finiquito. Recordemos que Popular Auto continuó facturando las mensualidades restantes, un claro rechazo a la oferta de los apelantes.

Finalmente, los apelantes alegan que el TPI incidió al no sancionar a Popular Auto por su temeridad. Nada surge del expediente ante nuestra consideración que amerite una determinación de temeridad.

Ante este cuadro, no nos vemos persuadidos a intervenir con el criterio del TPI puesto que no es contrario a derecho, ni evidencia abuso de discreción, error, prejuicio o parcialidad de su parte. Así, confirmamos la *Sentencia* apelada.

**-IV-**

Por los fundamentos antes expuestos, se confirma la Sentencia apelada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[31] Apéndice X de la *Apelación,* a las págs. 129-131.